295 So.2d 125 (1974)
Marilyn I. REID, Appellant,
v.
ASSOCIATED ENGINEERING OF OSCEOLA, INC., et al., Appellees.
No. 72-850.
District Court of Appeal of Florida, Fourth District.
May 17, 1974.
Rehearing Denied June 17, 1974.
*126 Brian C. Sanders and Monroe E. McDonald, of Sanders McEwan Mims & McDonald, Orlando, for appellant.
Edna L. Caruso, of Howell, Kirby, Montgomery, D'Aiuto, Dean & Hallowes, West Palm Beach, for appellees.
OWEN, Chief Judge.
Appellant, while seated in a wheelchair in her front yard, sustained serious personal injuries when she was struck by the front of a pickup truck traversing the property. Her suit against the truck owner and its insurer, respectively, was terminated adversely to her by a summary judgment for the defendants. We conclude that this was error and reverse.
The facts are somewhat bizarre. Appellant's husband, Donald Reid, was at the time an employee of appellee-Associated Engineering of Osceola, Inc., and had been entrusted with his employer's Datsun pickup truck on a Friday evening for the purpose of using it in the employer's business the following day. Mr. Reid did use the truck on Saturday, and after work, and in accordance with his employer's instructions, drove the truck to his home and parked it, where it was to be picked up later that evening by his foreman.
Mr. Reid felt that the street in front of his home was too narrow to permit the truck to be parked on it with safety, and consequently he parked it in his own driveway immediately behind his personal car. Later that evening, he and Mrs. Reid decided to visit some friends and since the Datsun pickup truck had the Reid automobile blocked in the driveway, Mr. Reid went out to switch the position of the vehicles. He first backed the pickup truck to the street, then drove it into his yard in front of the house abreast of his own car. He got out of the truck, leaving the motor running, intending to back his own car to the street and then to move the truck to the driveway in the place where his own car had been. He had backed his own car to the street when he saw the pickup truck moving forward toward the house and toward his wife who, in the meantime, had come out of the house in her wheelchair. Apparently unknown to Mr. Reid, while he was in the process of backing his own car out of the driveway, his 10-year old daughter with no driving experience had gotten into the truck and somehow put the engine into gear causing the vehicle to move forward and strike appellant.
The complaint, as amended, was against Associated Engineering as owner of the pickup truck, and The Travelers Indemnity Company as the liability insurer, and was in three counts, the third of which has been severed and is not involved here. Both of the other counts were based upon allegations that Donald Reid was negligent in leaving the pickup truck parked with the engine running at a time when he knew or should have known that children were accustomed to playing in the area where the vehicle was parked, and when in the exercise of reasonable care he knew or should have known that they might intermeddle with the vehicle and cause it to be put in motion, and that as a direct and proximate consequence of such negligence the plaintiff *127 sustained her injuries. Count one sought to impute the alleged negligence of Donald Reid to Associated Engineering on the basis of its ownership under the dangerous instrumentality doctrine; Count two sought to impute such alleged negligence to Associated Engineering on the basis of respondeat superior, alleging that Donald Reid was then in the course and scope of his employment with Associated Engineering as his employer. Upon motion of the defendants, the court entered summary final judgment in their favor on Counts one and two, from which this appeal has been taken.
The summary judgment does not contain any statement as to the basis upon which the court determined that the defendants were entitled to judgment as a matter of law. There is no requirement that such be done, and we are not critical of its omission. We merely note in passing that if trial courts followed the practice of setting forth the basis of their holding in granting summary judgments (when such was not otherwise clearly evident from the record), it would facilitate appellate review.
As a threshold requirement to recovery, appellant must show that her injuries were caused by Donald Reid's negligent operation of the pickup truck; if she overcomes this hurdle, then she must, because of the intra-family immunity doctrine, impute Donald Reid's negligence to Associated Engineering, either as owner of the vehicle under the doctrine of dangerous instrumentality, or as Reid's employer under the doctrine of respondeat superior. Whatever difficulties may lie ahead for appellant in carrying her burden of proof, we conclude that at this point the case is not one for disposition via summary judgment.
Whether or not Donald Reid was negligent in the operation of the pickup truck by leaving it unattended with the engine running when he either knew or in the exercise of reasonable care should have known that children were playing in the vicinity and might intermeddle with the vehicle while it was thus left unattended, presents a question for the jury, as does the question of whether any such negligence was a proximate cause of appellant's injuries. The cases of Clements v. Barber, Fla.App. 1971, 258 So.2d 465; Bryant v. Atlantic Car Rental, Inc., Fla.App. 1961, 127 So.2d 910; and Lingefelt v. Hanner, Fla.App. 1960, 125 So.2d 325, are all distinguishable as involving situations where the car was left unattended with the keys in the ignition and the car was subsequently stolen, whereas here the car was left unattended with the keys in the ignition, the engine running, and the car put into motion inadvertently by a 10-year old child who had no intention to drive the vehicle.
Appellee contends that Dawn, appellant's 10-year old daughter, was not a permissive user of the truck and thus her action was a "breach of custody amounting to the species of conversion or theft". Nonsense. There is not the slightest evidence from which it reasonably might be inferred that Dawn intended anything which could be a species of conversion or theft. Furthermore, there is no question of Dawn's conduct being an independent intervening cause since the very essence of the cause of action alleged against Donald Reid is that this result was reasonably foreseeable and that he failed to exercise reasonable care to avoid it.
Any negligence of Donald Reid in the operation of the vehicle would be imputable to the owner, Associated Engineering, under the dangerous instrumentality doctrine. The history and development of that doctrine in Florida as applied to motor vehicles has been thoroughly covered in numerous reported decisions.[1] It is undisputed *128 that Donald Reid had the owner's permission and consent to use the truck. Appellee contends, however, that the "dangerous instrumentality" doctrine is not applicable in this case because the vehicle was not being operated upon a public highway. Appellant counters this with the argument that there was at least a fact issue as to whether the spot where Donald Reid left the truck standing was partly on the road right-of-way. This points out an area of the law which we feel should be clarified.
In the case in which the dangerous instrumentality doctrine was first applied to automobiles, Anderson v. Southern Cotton Oil Co., 1917, 73 Fla. 432, 74 So. 975, the court stated:
"The principles of the common law do not permit the owner of an instrumentality that is not dangerous per se, but is peculiarly dangerous in its operation, to authorize another to use such instrumentality on public highways without imposing upon such owner liability for negligent use. The liability grows out of the obligation of the owner to have the vehicle, that is not inherently dangerous per se, but peculiarly dangerous in its use, properly operated when it is by his authority on the public highway." (Emphasis Supplied.)
On the second appeal of the same case, Southern Cotton Oil Co. v. Anderson, 1920, 80 Fla. 441, 86 So. 629, the court stated (on petition for rehearing):
"... one who authorizes and permits an instrumentality that is peculiarly dangerous in its operation to be used by another on the public highway is liable in damages for injuries to third persons caused by the negligent operation of such instrumentality on the highway by one so authorized by the owner."
Since that time, the numerous Florida cases in which the dangerous instrumentality doctrine has been applied to motor vehicles virtually without exception have made reference to the fact that such vehicle is a dangerous instrumentality while operated upon the public highways of this state. Indeed it is! But, we do not understand this long established doctrine to mean, conversely, that a motor vehicle in operation is not a dangerous instrumentality while operated elsewhere than upon the public highways of this state. In other words, the reference to the motor vehicle being a dangerous instrumentality while operated upon the public highways is not a qualification or limitation upon the doctrine so as to make it applicable only when the motor vehicle is on the public highway. The qualification is that the automobile, not dangerous per se, becomes such when put into operation.
That the earlier decisions intended the dangerous instrumentality doctrine to apply to a motor vehicle while in operation, without limiting the application of the doctrine to operation upon public highways, can be gleened from some of the language in the opinions. For example, the language we italicized in quoting from the opinion in the first of the two Southern Cotton Oil Company cases so indicates. Again, in Crenshaw Bros. Produce Co. v. Harper, 1940, 142 Fla. 27, 194 So. 353, the court, although expressly stating that the motor vehicle is a dangerous instrumentality when in operation on the streets and highways, twice stated the doctrine without such qualification as follows:
"Florida was the first, and so far as the writer knows, the only state which, by judicial decision, has determined that an automobile in operation is a dangerous agency." (194 So. 353, at 364.)
"In the light of our own former decisions, holding the motor vehicle to be a highly dangerous agency while in operation, ... ." (194 So. 353, at 366.)
In Lynch v. Walker, 1947, 159 Fla. 188, 31 So.2d 268, the court stated:
"In all these different relationships there appears a common and basic factor *129 to-wit: When an owner authorizes and permits his automobile to be used by another he is liable for damages for injuries to third persons caused by the negligent operation so authorized by the owner."
We see neither reason nor logic in the view that a motor vehicle in operation, which is a dangerous intrumentality while being operated upon the public highway, somehow ceases to be a dangerous instrumentality the instant the driver causes it to turn off the public street or highway and onto a private drive or other private property. Although it is most probable that a motor vehicle being operated on private property would be moving at a slower speed than one being operated upon the public street or highway, common sense tells us that in all other respects such vehicle while in motion is equally dangerous to persons and property no matter where it is operated, and to make the owner's liability for his permittee's negligence in the operation of such vehicle depend upon whether the vehicle is on or off of the public highway simply leads to absurd results. By way of illustration, suppose A permits his car to be driven by B who wishes to take care of certain personal errands. On the way to the shopping mall, B comes up behind a car being operated by C who is also on the way to the mall. If B negligently collides with C's car while on the public street, A is liable to C for the latter's damages. However, if B avoids a collision on the public street, but thereafter collides with C's car while in the shopping mall parking lot (not on the public street), A has no liability for B's negligent conduct. When B leaves the shopping mall to visit a friend, the moment the vehicle reaches the public street, A again becomes liable for any negligence on the part of B in the operation of the motor vehicle. But when B reaches his friend's home and turns into the private driveway striking the friend's automobile, A is not liable for such negligence because his liability instantly terminated the moment the vehicle left the road right-of-way. The absurdity of such view is even better illustrated by the facts in the instant case. When Donald Reid backed the pickup truck to the street, he undoubtedly was, at least momentarily, on the public street or highway. Supposedly, if the dangerous intrumentality doctrine applies only while the vehicle is being operated upon the public highway, the owner's liability suddenly and momentarily attached when some part of the truck crossed the property line and entered onto the public street; then, just as quickly it vanished if and when the rear portion of the truck again left the public street. Such "on-again off-again" approach to the owner's liability for the permittee's negligent operation of the vehicle defies common sense. In the case of Fishback v. Yale, Fla. 1955, 85 So.2d 142, our Supreme Court used an illustration almost identical to that above to show why it would be totally illogical for the guest passenger statute to be limited to motor vehicles only when operated upon a public street or highway. We conclude and expressly so hold that the dangerous instrumentality doctrine applies to a motor vehicle in operation, and is not limited solely to a motor vehicle while in operation upon the public streets and highways of this state.
As we have indicated, Associated Engineering was also the employer of Donald Reid (as well as the owner of the Datsun pickup truck), and appellant sought to impute to this appellee liability for Donald Reid's alleged negligence under the separate theory of respondeat superior. This would be a valid basis upon which any negligence on the part of Donald Reid could be imputed to his employer, separate and apart from ownership of the vehicle, provided it is shown that any such negligence arose out of Reid's conduct while in the course and scope of his employment. There was evidence tending to show that the employer expected Reid to keep the truck in a safe place until the foreman could come get it, that it was not safe for the truck to be parked on the street, and *130 that the process of moving the truck so that it could be parked in the driveway (after Reid's personal car was backed from the driveway) was in furtherance of the employer's business. We think that a factual issue was presented on this point precluding disposition by summary judgment.
Appellant also contends that Donald Reid is an insured under the policy issued by appellee-Travelers, and therefore appellant has a direct cause of action against the insurer despite the insured's intra-family immunity. We must reject this contention. Even though an alleged tortfeasor's liability insurer may be joined as a defendant, the insurer is entitled to immunity against claims by those injured by the insured's negligence when and to the same extent that the insured has immunity against such claims.
The judgment is reversed and this cause remanded for further proceedings not inconsistent herewith.
Reversed and remanded.
WALDEN, J., and SMITH, CULVER, Associate Judge, concur.
NOTES
[1] For example, see Thomas v. Atlantic Associates, Inc., Fla. 1969, 226 So.2d 100; Ivey v. National Fisheries, Inc., Fla.App. 1968, 215 So.2d 74; and Leonard v. Susco Car Rental System of Florida, Fla.App. 1968, 103 So.2d 243, affirmed Fla., 112 So.2d 832.