ROTHENBERG, J.
This case is an appeal of a final summary judgment in favor of the defendant, Laundromax, Inc. (“Laundromax”). The plaintiff, Justa Patricia Delgado (“Delgado”), sued Laundromax for negligence, and *1088 in support alleged Laudromax breached its duty to her as its business invitee. Because the trial court correctly determined there was no evidence of a breach of duty, we affirm.
On August 21, 2003, upon walking through the doorway of the defendant’s premises, Delgado slipped on a clear liquid, “which appeared to be water that had been left on the floor,” fell, and hit her head against the door knob. Delgado was treated at the hospital for her injuries and received follow-up treatment from a local clinic. She contends the injuries are permanent or continuing in nature.
Delgado alleges Laundromax breached its duty to her as its business invitee by negligently allowing the floor to remain wet. Specifically, Delgado contends Laun-dromax “negligently maintained the floor” of its facility “by allowing spills and debris to accumulate on the floor for long periods of time, and by failing to regularly inspect the premises for such spills and debris and to clean such spills and debris from the floor.”
Laundromax contends that as a matter of law it could not have breached its duty to Delgado because it had neither actual nor constructive notice of the spill that allegedly caused Delgado to fall. Laun-dromax also asserts that Delgado cannot prove notice because Delgado testified that the water was clear, and as a matter of Florida law, merely having clear water on the floor does not constitute a breach of duty to Delgado.

Standard of Review

Our standard in reviewing the trial court’s summary judgment order is de novo. See Bldg. Educ. Corp. v. Ocean Bank, 982 So.2d 37,40 (Fla. 3d DCA 2008). In evaluating the trial court’s order, we must determine if the record evidence presented to the trial court shows there is no genuine dispute regarding the material facts. Fla. R. Civ. P. 1.510(c). We view the facts in the light most favorable to Delgado, the non-moving party below. Harvey Bldg., Inc. v. Haley, 175 So.2d 780, 782 (Fla.1965).
Although negligence cases are not ordinarily subject to disposal on summary judgment, there is no rule under Florida law exempting negligence cases from disposition by summary judgment. See, e.g., Farrey v. Bettendorf, 96 So.2d 889, 892 (Fla.1957) (holding question of negligence is “ordinarily” a question for the jury, but remanding to determine if one portion of the case “could well and properly have been determined on the motion for summary judgment”); Vermeulen v. Worldwide Holidays, Inc., 922 So.2d 271, 273 (Fla. 3d DCA 2006) (affirming summary judgment and finding that “the mere happening of an accident does not give rise to an inference of negligence.”); Williams v. Sears, Roebuck & Co., 866 So.2d 122, 124 (Fla. 4th DCA 2004) (affirming summary judgment in favor of the defendant in a negligence case, after noting that “while the burden on a moving party seeking summary judgment is a heavy one, it is not impossible”).
A summary judgment motion triggers evidentiary burdens on both the moving and opposing party. The moving party, Laundromax, “has the initial burden of demonstrating the nonexistence of any genuine issue of material fact,” and once Laudromax provides competent evidence to make that showing, Delgado “must come forward with counterevidence sufficient to reveal a genuine issue.” Valderrama v. Portfolio Recovery Assocs., LLC, 972 So.2d 239, 239 (Fla. 3d DCA 2007); see also Dempsey v. Law Firm of Cauthen & Odham, P.A., 781 So.2d 1141, 1143 (Fla. 5th DCA 2001). The opposing party, Delgado, may meet her burden “through facts or justifiable inferences from facts presented to the trial court.” Carbonell v. BellSouth Telecomms., Inc., 675 So.2d 705, *1089 706 (Fla. 3d DCA 1996); accord Williams v. Garden City Claims, Inc. of NY, 796 So.2d 586, 587 (Fla. 3d DCA 2001).

The Substantive Law Governing Delgado’s Claim

Since our standard of review is de novo, the survival of Laundromax’s summary judgment on appeal turns on whether Laundromax has demonstrated that, based on undisputed evidence, Delgado cannot prevail as a matter of law on her negligence cause of action. The elements of negligence are: (1) a duty to the plaintiff; (2) the defendant’s breach of that duty; (3) injury to the plaintiff arising from the defendant’s breach; and (4) damage caused by the injury to the plaintiff as a result of the defendant’s breach of duty. Westchester Exxon v. Valdes, 524 So.2d 452, 454 (Fla. 3d DCA 1988). As the plaintiff, Delgado bears the burden of proof at trial, and for Delgado to prevail, “it must be shown that the owner negligently failed where the law, custom, or innate danger requires diligence.” See Heps v. Burdine’s, Inc., 69 So.2d 340, 341-42 (Fla.1954).
Under Florida law, a business owner owes two duties to a business invitee such as Delgado: (1) to take ordinary and reasonable care to keep its premises reasonably safe for invitees; and (2) to warn of perils that were known or should have been known to the owner and of which the invitee could not discover. Valdes, 524 So.2d at 455. It is undisputed that Delgado was a business invitee (customer) of Laun-dromax, and there is no evidence in the record regarding how long the water was on the floor or to suggest that Laundro-max caused or had notice of the spill. Therefore, the trial court granted summary judgment on the issue of breach of duty.

Burden of Proof

In 2001, the Florida Supreme Court in Owens v. Publix Supermarkets, Inc., 802 So.2d 315, 331 (Fla.2001), placed the burden on the premises owner or operator to establish that it exercised reasonable care under the circumstances. However, the Legislature in 2002, enacted section 768.0710, Florida Statutes (2002), which shifted the burden to the plaintiff to prove that the defendant “acted negligently by failing to exercise reasonable care in the maintenance, inspection, repair, warning, or mode of operation of the business premises.” Although “[ajctual or constructive notice” of water on the floor “is not a required element of proof’ under section 768.0710(2)(b), the statute states that “evidence of notice or lack of notice offered by any party may be considered together with all of the evidence” when considering whether the plaintiff has met his or her burden of proof. Id. Thus, under Owens, Laundromax was required to affirmatively prove its reasonable care, whereas under section 768.0710, Laundromax did not have to provide such proof.[1]

*1090
The Undisputed Material Facts

Delgado failed to produce any evidence that Laundromax had actual or constructive notice of the water on the floor. Constructive notice may be inferred from either: (1) the amount of time a substance has been on the floor; or (2) the fact that the condition occurred with such frequency that the owner should have known of its existence. Schaap v. Publix Supermarkets, Inc., 579 So.2d 831, 834 (Fla. 1st DCA 1991).
Delgado testified that she “walked like three steps” into Laudromax’s facility, and then “slid completely all the way back ... struck the doorknob ... [and] fell onto the floor.” Although Delgado initially testified that she did not see the substance she slipped on, she stated the substance “looked like water,” and, upon further consideration, concluded “it was water ... because it was ... transparent-like.” Delgado testified she did not: (1) know where the water came from; (2) see water anywhere else other than where she slipped; (3) know how long the water was on the floor before she slipped; or (4) know of anyone at Laundromax who knew the water was on the floor before she walked in. Further, there is no evidence in the record that it was raining or that it had recently rained, or that any of the facility’s washers, sinks, or other equipment was located near the door. Thus, the only evidence Delgado offered was that: (1) that the floor was wet; and (2) she slipped and fell. Consequently, the only permissible inference was that there was water on the floor, and Delgado slipped on it.
We therefore agree with the trial court that the evidence in the record shows, to the exclusion of all permissible inferences, that Laundromax was not negligent. There is no evidence that Laundromax had actual notice of the liquid on the floor before Delgado fell. Therefore, Delgado was required to present some evidence Laundromax had constructive notice of the hazard. Because the mere presence of water on the floor is not enough to establish constructive notice, see Broz v. Winn-Dixie Stores, Inc., 546 So.2d 83, 83 (Fla. 3d DCA 1989), the record must contain additional facts in support of liability, to create a permissible inference upon which Delgado could rely in defense against Laundro-max’s motion for summary judgment. See Winn Dixie Stores, Inc. v. White, 675 So.2d 702, 703 (Fla. 4th DCA 1996).
There were, however, no additional facts presented that would support constructive notice. In fact, all the facts regarding the spill suggest that it was not on the floor for a long period of time prior to Delgado’s slip and fall. Cf. Cisneros v. Costco Wholesale Corp., 754 So.2d 819, 820 (Fla. 3d DCA 2000) (finding decisive, in reversing summary judgment, that plaintiff testified she observed “a few wheel tracks and several footprints had been made” in the pool of the substance in which she slipped); Newalk v. Fla. Supermarkets, Inc., 610 So.2d 528, 529 (Fla. 3d DCA 1992) (finding testimony that spots on the floor “appeared old,” was enough evidence to show notice); Teate v. Winn-Dixie Stores, Inc., 524 So.2d 1060, 1061 (Fla. 3d DCA 1988) (finding that where plaintiff slipped and fell on peas in store’s frozen food aisle, that water on the floor around the peas could support an inference the peas had been on the floor long enough to thaw).

Negligent Mode of Operation

We also reject Delgado’s argument that the statute allows her claim to survive summary judgment based upon a theory of negligent mode of operation. Although under section 768.0710(2)(b) that theory is available to a plaintiff seeking to prove negligence, Delgado did not advance that *1091 theory through any specific evidence in this case. See Owens, 802 So.2d at 332 (stating that constructive or actual notice is irrelevant “if the evidence establishes a specific negligent mode of operation such that the premises owner could reasonably anticipate that dangerous conditions would arise as a result of its mode of operation”) (emphasis added).
This case has been pending since 2006, and Delgado did not direct the trial court to any evidence regarding negligent operation, and did not properly request the trial court postpone ruling on summary judgment to allow for discovery of evidence of a negligent mode of operation. See Fla. R. Civ. P. 1.510(f) (providing that “if it appears from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify opposition, the court may refuse the application for judgment or may order a continuance to permit ... discovery to be had”); Carbonell, 675 So.2d at 706; see also Leviton v. Philly Steak-Out, Inc., 533 So.2d 905, 906 (Fla. 3d DCA 1988). Because Delgado presented no evidence regarding negligent operation, negligent operation cannot be the basis for reversal, as appellate review is only available for issues that were presented to, and ruled upon, by the trial court. Mariani v. Schleman, 94 So.2d 829, 831 (Fla. 1957); Bus. Success Grp., Inc. v. Argus Trade Realty Inv., Inc., 898 So.2d 970, 972 (Fla. 3d DCA 2005).
Moreover, Delgado testified that the facility was “always clean,” which forecloses a theory of negligent operation. The only permissible inference from that testimony is that Laundromax reasonably operated its facility with regard to the alleged hazard of dirt, debris, and water that caused Delgado to fall. For her cause of action to survive a motion summary judgment, Delgado must point to evidence, not allegations, but she has not provided any evidence that Laundromax employed a negligent mode of operating its laundromat that led to her alleged injury. See Carbo-nell, 675 So.2d at 706 (noting that once a movant on summary judgment meets its burden of showing the absence of a material dispute of fact, non-moving party must “prove otherwise” through facts or inferences); E.H.P. Corp. v. Cousin, 654 So.2d 976, 977 (Fla. 2d DCA 1995) (holding that, to be relevant to negligent operation, evidence must be shown to be both related to the mode of operation of the business and causally related to the plaintiffs injury); see also Owens, 802 So.2d at 324 (explaining that negligent operation substitutes for notice in cases where the hazard is the “creation[ ] of the defendant” through its mode of operating its business).

Conclusion

Laundromax has shown that under the applicable law it did not have either actual or constructive notice of the spill, and Delgado failed to present any evidence that Landromax employed a negligent mode of operation that led to her injury. Consequently, there are no facts upon which a jury could conclude that Laundromax acted negligently by failing to exercise reasonable care in the maintenance, inspection, or repair of its business premises. Accordingly, we conclude that the trial court correctly found that Laundromax was entitled to judgment as a matter of law.
Affirmed.

. The statute has since been repealed and replaced by section 768.0755 (2010), which defines how a breach of duty is proven by requiring proof of actual or constructive knowledge by providing that:
(1) If a person slips and falls on a transitory foreign substance in a business establishment, the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it. Constructive knowledge may be proven by circumstantial evidence showing that:
(a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or
(b) The condition occurred with regularity and was therefore foreseeable.
(2) This section does not affect any common-law duty of care owed by a person or entity in possession or control of a business premises.
*1090 In this case, we are not required to determine the effect of such repeal.