[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-14818
Non-Argument Calendar

_____

D.C. Docket No. 6:12-cv-01561-GAP-KRS

MICHAEL VALLOT,

Plaintiff-Appellant,

versus

LOGAN'S ROADHOUSE, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 23, 2014)

Before MARCUS, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Michael Vallot, proceeding pro se, appeals the district court's grant of

summary judgment in favor of Logan's Roadhouse, Inc. ("Logans") in Vallot's slip

and fall action, removed into federal court based on diversity jurisdiction.  On

appeal, Vallot argues that: (1) the court erred in applying retroactively Fla. Stat. § 768.0755, which requires that the defendant had actual or constructive knowledge of the dangerous condition to be negligent; and (2) Vallot demonstrated a factual dispute about whether Logans had actual or constructive knowledge of the presence of a slippery substance on the floor.  After careful review, we affirm.

We review a district court's grant of summary judgment de novo, applying the same legal standard as the trial court.  Watkins v. Ford Motor Co., 190 F.3d 1213, 1216 (11th Cir. 1999).  Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine dispute as to any material fact and compels judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

Where jurisdiction is founded on diversity and no federal question is involved, we apply substantive state law, either declared by the state's legislature or by its highest court in a decision.  Erie Railroad Co. v. Tompkins, 304 U.S. 64, 78 (1938).  If the Supreme Court of Florida has not addressed a particular issue, federal courts are bound by the decisions of the Florida district courts of appeal that address the disputed issue, unless there is an indication that the supreme court would not adhere to the district court's decision.  Geary Distributing Co., Inc. v. All Brand Importers, Inc., 931 F.2d 1431, 1434 (11th Cir. 1991).

At the time of Vallot's slip and fall (March 28, 2010), former Fla. Stat. § 768.0710, governed slip and fall cases. Statute 768.0710(2) read:

> (2) In any civil action for negligence involving loss, injury, or damage to a business invitee as a result of a transitory foreign object or substance on business premises, the claimant shall have the burden of proving that:
>
> > (a) The person or entity in possession or control of the business premises owed a duty to the claimant;
> >
> > (b) The person or entity in possession or control of the business premises acted negligently by failing to exercise reasonable care in the maintenance, inspection, repair, warning, or mode of operation of the business premises. Actual or constructive notice of the transitory foreign object or substance is not a required element of proof to this claim. However, evidence of notice or lack of notice offered by any party may be considered together with all of the evidence; and
> >
> > (c) The failure to exercise reasonable care was a legal cause of the loss, injury, or damage.

Fla. Stat. § 768.0710(2) (repealed 2010) (emphasis added).

However, on July 1, 2010, a new slip and fall statute went into effect, and repealed Fla. Stat. § 768.0710. The new statute, which the district court relied on, provides that: "[i]f a person slips and falls on a transitory foreign substance in a business establishment, the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it." Fla. Stat. § 768.0755(1) (emphasis added). Constructive knowledge may be proven by circumstantial evidence showing that (a) the dangerous condition existed for such a length of time that, in the exercise of

3

ordinary care, the business establishment should have known of the condition; or (b) the condition occurred with regularity and was therefore foreseeable.  Id.

In Kenz v. Miami-Dade County, 116 So.3d 461, 466 (Fla. Dist. Ct. App. 2013) , the Third District Court of Appeal of Florida, affirming the trial court's grant of summary judgment, held that § 768.0755 was procedural in nature and, thus, applied retroactively.  The Third District Court of Appeal noted that, even if § 768.0755 did not operate retroactively and § 768.0710 applied, summary judgment was appropriate.  Id.  The record was devoid of any evidence suggesting that the appellees had any notice, actual or constructive, of the water on the floor.  Id. Accordingly, the appellant failed to demonstrate that the appellees negligently failed to exercise reasonable care in the maintenance of the premises, and summary judgment was appropriate on these alternate grounds.  Id.

The Third District Court of Appeal also addressed the issue in Delgado v. Laundromax, Inc., 65 So.3d 1087 (Fla. Dist. Ct. App. 2011), where the trial court had determined that the defendant had not breached its duty to the plaintiff as a business invitee.  On appeal, the court noted that § 768.0755 had repealed § 768.0710, but analyzed the events that occurred in 2003 under § 768.0710.  In so doing, the court noted that the elements of negligence were: (1) a duty to the plaintiff; (2) the defendant's breach of that duty; (3) injury to the plaintiff arising from the breach; and (4) damages caused by the injury as a result of the breach of

4

duty.  Id. at 1089.  It also observed that a business owner owes two duties to a business invitee: (1) to take ordinary and reasonable care to keep its premises reasonably safe for invitees; and (2) to warn of perils that were known or should have been known to the owner and of which the invitee could not discover.  Id. The court found that the only evidence that the plaintiff offered was that: (1) the floor was wet; and (2) she slipped and fell.  Id. at 1089-90.  That evidence was insufficient to establish that the defendant had breached its duty of care.  Id. at 1090.  There was no evidence of how long the water was on the floor or to suggest that the defendant caused or had notice of the spill.  Id. at 1089.  The court noted: "Although actual or constructive notice of water on the floor [was] not a required element of proof under § 768.0710(2)(b), the statute state[d] that evidence of notice or lack of notice offered by any party [could] be considered together with all of the evidence when considering whether the plaintiff [] met his or her burden of proof."  Id. (quotations and brackets omitted).

However, on February 26, 2014, the Fourth District Court of Appeal of Florida held that § 768.0755 represented a substantive change in the law, and accordingly, could not be applied retroactively.  Pembroke Lakes Mall Ltd. v. McGruder, __ So. 3d __, 2014 WL 714706 at *6 (Fla. Dist. Ct. App. Feb. 26, 2014).  In affirming the trial court's decision not to apply § 768.0755 retroactively, the court certified a conflict with the Third District.  Id. at *1, *6.

5

Whether § 768.0755 applies retroactively has not yet been resolved by the Florida Supreme Court. But regardless of whether § 768.0755 applies retroactively to this case or whether § 768.0710 still applies, the district court did not err in granting summary judgment. If we assume § 768.0755 applies, Logans has shown that there is no genuine dispute of fact concerning Logans's actual or constructive notice of any slippery substance. As the record shows, Vallot testified in his deposition that he did not know if he saw a greasy substance, how the substance came to be on the floor, what caused the substance to be on the floor, whether any Logans employee knew the substance was on the floor, or who spilled the substance on the floor. He did not know whether the substance was there one minute before he fell. An affidavit from the bartender who was working at the time of the fall attested that he passed through the area frequently and observed the area less than 30 minutes prior to the fall. He did not observe any liquid, oil, greasy substance, or peanuts on the floor at that time. After the fall, he helped Vallot to his feet and did not see any liquid, oil, greasy substance, or peanuts on the floor. He wiped the floor with a rag in the area where Vallot fell and determined that there was no liquid, oil, or greasy substance on the floor.

Alternatively, if we assume that § 768.0710 applies, Vallot is nonetheless required to show evidence of the basic elements of a negligence action, even if § 768.0710 does not require that Vallot show actual or constructive knowledge on

6

the part of Logans. Those elements of negligence are: (1) duty, (2) breach of duty, (3) injury arising from the breach, and (4) damages caused by the injury as a result of the breach of duty. Logans's duties to Vallot were to take ordinary and reasonable care to keep its premises reasonably safe and to warn of perils that were known or should have been known to Logans that Vallot could not discover. Under § 768.0710, Logans's lack of notice can be considered when determining whether Vallot met his burden of proof. Fla. Stat. § 768.0710 (repealed 2010); Delgado, 65 So.3d at 1089. A lack of actual or constructive notice concerns the element of breach of duty. Fla. Stat. § 768.0710(2)(b). Vallot's evidence demonstrates only that: (1) the floor was wet; and (2) he slipped and fell. There is no evidence of how long the slippery substance was on the floor or to suggest that Logans caused or had notice of the spill. See Delgado, 65 So.3d at 1089. Just like in Delgado, this is not enough to establish that Logans breached its duty of care. Id. at 1090. Because it is undisputed that Logans had neither actual nor constructive notice, Vallot is unable to prevail as a matter of law on his negligence action. Id. at 1091.

**AFFIRMED.**