DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LINDA McCARTHY,**
Appellant,

v.

**BROWARD COLLEGE** and **SUNSHINE CLEANING SYSTEMS, INC.,**
Appellees.

No. 4D13-3843

[May 6, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael L. Gates, Judge; L.T. Case No. 12-21554 CACE.

Joshua S. Beck of Bazinsky, Korman & Baker, P.A., Plantation, for appellant.

Surama Suarez of Angones, McClure & Garcia, P.A., Miami, for appellee Broward College.

FORST, J.

Appellant Linda McCarthy filed a personal injury complaint against Appellee Broward College when she slipped and fell on an unidentified liquid in an elevator on the College's Coconut Creek campus on August 25, 2011. Broward College moved for summary judgment, arguing the Plaintiff could not prove actual or constructive knowledge of the dangerous condition, as required by section 768.0755, Florida Statutes (2011). The trial court granted the motion, finding that Broward College was a "business establishment" for the purposes of the statute and ruling that there was no genuine issue of fact to be resolved regarding Broward College's lack of notice of the allegedly dangerous condition.

Appellant now appeals the entry of summary judgment, arguing the trial court improperly applied the statute to Broward College, that genuine issues of material fact remain, and that Broward College violated its common law duty of care. Because we disagree with Appellant's contentions, we affirm the entry of summary judgment and write for the limited purposes of 1) establishing that section 768.0755, Florida Statutes (2011), does apply to public institutions of higher learning, like Broward

College, and 2) reaffirming that there are situations when it is appropriate to grant summary judgment in favor of a defendant in a slip and fall suit brought under section 768.0755, Florida Statutes (2011).

## I.    Broward College is a "Business Establishment"

Section 768.0755, Florida Statutes (2011), states:

(1) If a person slips and falls on a transitory foreign substance in a **business establishment**, the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it. Constructive knowledge may be proven by circumstantial evidence showing that:
  (a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or
  (b) The condition occurred with regularity and was therefore foreseeable.
(2) This section does not affect any common-law duty of care owed by a person or entity in possession or control of a business premises.

(emphasis added). Appellant contends that, because Broward College is a state-owned institution of higher education, it is not a "business establishment" for the purposes of this statute. We disagree.

"[W]hen the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning." *Holly v. Auld*, 450 So. 2d 217, 219 (Fla. 1984) (quoting *A.R. Douglass, Inc. v. McRainey*, 137 So. 157, 159 (Fla. 1931)). Furthermore, this Court is "without power to construe an unambiguous statute in a way which would extend, modify, or limit, its express terms or its reasonable and obvious implications. To do so would be an abrogation of legislative power." *Id.* (quoting *Am. Bankers Life Assurance Co. of Fla. v. Williams*, 212 So. 2d 777, 778 (Fla. 1st DCA 1968)).

In *Publix Supermarkets, Inc. v. Santos*, 118 So. 3d 317 (Fla. 3d DCA 2013), the Third District found it necessary to define "business establishment" as used in the statute. That court held "[t]he plain and ordinary meaning of a term can be ascertained through the use of a dictionary." *Id.* at 320. Relying on a dictionary, the Third District defined "business establishment" as "a location where business is conducted, goods are made or stored or processed or where services are rendered." *Id.*

2

(internal quotations and citations omitted). We agree with the Third District's definition of the term and hold that Broward College is a business establishment where "services are rendered" for a fee. Furthermore, while a college seems quite different than a grocery store or other retail outlet, this statute has been held to apply to other service-based, government-owned entities, such as Miami International Airport (*Kenz v. Miami-Dade Cnty.*, 116 So. 3d 461 (Fla. 3d DCA 2013)) and a U.S. Postal Service facility (*Kertz v. U.S.*, 2013 WL 1464180 (M.D. Fla. Apr. 10, 2013)). Therefore, we affirm the trial court's application of section 768.0755, Florida Statutes (2011), in this case.[1]

## II. Summary Judgment was an Appropriate Disposition

"Summary judgment cannot be granted unless the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, conclusively show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Jelic v. CitiMortgage, Inc.*, 150 So. 3d 1223, 1224-25 (Fla. 4th DCA 2014) (quoting *Allenby & Assocs., Inc. v. Crown St. Vincent Ltd.*, 8 So. 3d 1211, 1213 (Fla. 4th DCA 2009)). When evaluating summary judgment evidence, the court must "draw every reasonable inference in favor of the non-moving party." *Knight Energy Servs., Inc. v. Amoco Oil Co.,* 660 So. 2d 786, 788 (Fla. 4th DCA 1995).

In this case, even drawing every reasonable inference in favor of the non-moving party, Broward College was entitled to judgment in its favor as a matter of law. The facts of this case are similar to *Walker v. Winn–Dixie Stores, Inc.*, 2014 WL 4086798, 39 Fla. L. Weekly D1750 (Fla. 1st DCA Aug. 20, 2014), *Delgado v. Laundromax, Inc.*, 65 So. 3d 1087 (Fla. 3d DCA 2011), and *Publix Super Markets, Inc. v. Schmidt*, 509 So. 2d 977 (Fla. 4th DCA 1987). In *Walker*, the First District affirmed a summary judgment on behalf of a Winn–Dixie grocery store, noting there was no evidence of how long the dangerous condition existed before the fall, no evidence that wet conditions occurred with regularity in the area where the plaintiff fell, nor any "evidence of active negligence by Winn–Dixie employees." *Walker,* 39 Fla. L. Weekly at D1751.

---

[1] In her initial brief, Appellant puts great weight in the deposition testimony of Broward College's facilities manager, wherein she stated that her employer was not a business establishment. This testimony is due no weight regarding a question of law, i.e. the interpretation of statutory language such as the meaning of "business establishment" under section 768.0755(1), Florida Statutes (2011).

In *Delgado*, the plaintiff slipped and fell in a laundry facility, claiming that she slipped on water on the floor. *Delgado*, 65 So. 3d at 1090. The plaintiff was unable to determine where the water came from, how long it had been on the floor, or if anyone at the facility knew there was water on the floor before she walked in. *Id.* The Third District affirmed the trial court's granting of summary judgment, noting there was no evidence "that it was raining or that it had rained recently, or that any of the facility's washers, sinks, or other equipment was located near the door." *Id.*

Likewise, in *Schmidt*, a customer slipped near the deli counter, but did not know what caused her to slip. *Schmidt*, 509 So. 2d at 978. The plaintiff testified that she thought she slipped on grease, as there was a greasy stain on her skirt, but no other witnesses saw anything on the floor. *Id.* Although a former employee testified that he had seen some drops on the floor on previous occasions, which he believed were from overfilling of gravy on a food tray, there was no evidence of any recent spills. *Id.* This court held that there was "no proof that Publix or its employees were at fault, or that the substance was on the floor for a sufficient length of time to put a defendant on notice." *Id.* Because of this lack of proof, the jury's verdict impermissibly relied on "inferences on top of inferences" to explain the fall. *Id.*

Following the rule established in these cases, summary judgment in favor of Broward College was appropriate. Appellant provided no facts indicating how Broward College was liable for her fall, as she was unable to identify the liquid in the elevator, determine how long it had been there, or establish if anyone at Broward College had actual or constructive notice of its presence. Moreover, no evidence was presented or argument made that "[t]he condition [(an allegedly wet elevator floor)] occurred with regularity and was therefore foreseeable." § 768.0755(1)(b), Fla. Stat. (2011). In fact, given the limited evidence presented to the trial court, Appellant's theory of the case, that the liquid in the elevator was rainwater, would require the stacking of inferences and a disregard of Appellant's testimony in order to find liability. Specifically, Appellant introduced evidence that it rained in Pompano Beach, some four miles away from Broward College, but no evidence that it rained at the Broward College campus. Moreover, Appellant testified that it was not raining when she drove to work, when she arrived at the campus at approximately 9:30 a.m., or when she walked to the elevator at approximately 10:50 a.m., with the only rain that morning of which she was aware was "much earlier in the morning." Therefore, the trier of fact would have to infer (seemingly contrary to Appellant's testimony) that this Pompano Beach rain shower also affected Broward College, which is not a foregone conclusion, as anyone familiar with our state's summer storms is well aware. The trier

of fact would also have to infer that this rainwater was somehow introduced to the elevator floor, despite the surrounding walkway being dry at the time of the incident.

In contrast to cases like *Delgado*, this court has a line of cases holding that "evidence that no inspection had been made during a particular period of time prior to an accident may warrant an inference that the dangerous condition existed long enough so that the exercise of reasonable care would have resulted in discovery." *Schmidt v. Bowl Am. Fla., Inc.*, 358 So. 2d 1385, 1387 (Fla. 4th DCA 1978). For example, summary judgment in favor of a defendant was reversed because a plaintiff, in her affidavit, indicated that no worker or customer had "entered or exited the area where the fall occurred" in the fifteen minutes prior to the plaintiff falling on a creamy substance. *Lynch v. Target Stores, Div. of Dayton Hudson Corp.*, 790 So. 2d 1193, 1194 (Fla. 4th DCA 2001). This fact supported "a reasonable inference that the foreign substance had been on the floor for a minimum of fifteen minutes," and the determination as to whether fifteen minutes was "sufficient time in which [the defendant] should have become aware of this condition is for the trier of fact." *Id.*

The "fifteen minutes" time period noted in *Lynch* should not be construed as creating a per se rule. Instead, the time between inspections necessary to give rise to an inference that the dangerous condition existed sufficiently long enough that it would have been discovered in the exercise of reasonable care must be governed by a reasonableness standard, giving due consideration to the size, nature, and inherent risks of the area in question. A fifteen minute period may be sufficient to presume negligence in a relatively small retail store filled with products that could easily fall, spill, or break and create a hazard. However, when considering a large expanse, like a college campus or outdoor park, it is reasonable to allow greater intervals between inspections, particularly when the area is devoid of objects or conditions that are likely to cause substantial risks to persons therein. In this case, the uncontroverted evidence established that the elevator had been cleaned approximately fifty minutes before Appellant's fall and there is no credible evidence that it had rained during this time period (Appellant stated that the concrete floor surface immediately outside the cab of the elevator was "dry"). Given the size of the campus, the lack of any evidence that it rained at Broward College during this fifty minute period, and the absence of any other particularized threat or active or regular negligence on the part of employees of the College, this time period does not warrant an inference of negligence.

**Conclusion**

5

The trial court correctly found that section 768.0755, Florida Statutes (2011), applies to Broward College. Additionally, the trial court properly granted summary judgment in favor of Broward College, as there were insufficient facts, absent the impermissible stacking of inferences, to find liability on the part of Broward College. Therefore, we affirm the trial court's grant of summary judgment.

*Affirmed.*

WARNER and GROSS, JJ., concur.

*    *    *

***Not final until disposition of timely filed motion for rehearing.***

6