# Third District Court of Appeal

## State of Florida

Opinion filed December 13, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1899
Lower Tribunal No. 15-12095
_____

**Blanca Lago,**
Appellant,

vs.

**Costco Wholesale Corporation,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Thomas J. Rebull, Judge.

Kula & Associates, Elliot B. Kula, W. Aaron Daniel, and William D. Mueller, for appellant.

Kelley Kronenberg, Harold S. Stevens, and Jason E. Handin (Fort Lauderdale), for appellee.

Before ROTHENBERG, C.J., and SCALES and LUCK, JJ.

LUCK, J.

Blanca Lago slipped on a liquid substance and fell and broke her knee as she was walking into a Costco Wholesale Corporation store in Miami. The fall resulted in Lago's lawsuit against Costco for negligent maintenance of its property. Lago appeals the trial court's order granting summary judgment in favor of Costco, and we affirm because there was no genuine dispute of material fact about Costco's knowledge of the liquid substance on its entranceway floor.

*Factual Background and Procedural History*

On March 7, 2015, Lago's neighbor invited Lago to accompany her to Costco at 13450 Southwest 120th Street, in Miami. Lago had never been to Costco before. When they arrived, the neighbor went to get a shopping cart and Lago started to walk towards the entrance. As she walked, Lago felt her right leg go out from under her and she fell on her left knee.[1] Lago screamed in pain and a crowd surrounded her. A Costco employee helped Lago up and sat her near the entrance until an ambulance came to take her to the hospital.

Lago sued Costco for the injuries she suffered from the fall. Lago alleged that she fell on a slippery liquid substance, and it was Costco's duty as a business owner to make sure there was nothing on its floor that could cause invitees like Lago to hurt themselves.

_____

[1] This part of the opinion comes from Lago's deposition. Lago gave a different account in her complaint, where she alleged that she slipped and fell as she was walking back from the Costco gas station.

Costco moved for summary judgment because there was no genuine issue of material fact about the company's actual or constructive knowledge of the slippery liquid substance. The trial court granted Costco's motion, and entered summary judgment in favor of the company. This appeal followed.

*Standard of Review*

> Our standard in reviewing the trial court's summary judgment order is de novo. In evaluating the trial court's order, we must determine if the record evidence presented to the trial court shows there is no genuine dispute regarding the material facts. We view the facts in the light most favorable to . . . the non-moving party below.

Delgado v. Laundromax, Inc., 65 So. 3d 1087, 1088 (Fla. 3d DCA 2011) (citations omitted).

*Discussion*

Lago contends the trial court erred by: (1) entering an unelaborated order; and (2) granting summary judgment for Costco on the notice issue based solely on Lago's deposition. As to Lago's first contention, we have said that "[w]hile it might be desirable for the trial judge to specify his reasons for granting or denying a summary judgment there does not appear to be any rule or decision that requires him to do so." Newman v. Shore, 206 So. 2d 279, 280 (Fla. 3d DCA 1968); see also Reid v. Associated Eng'g of Osceola, Inc., 295 So. 2d 125, 127 (Fla. 4th DCA 1974) ("The summary judgment does not contain any statement as to the basis upon which the court determined that the defendants were entitled to judgment as a

3

matter of law. There is no requirement that such be done, and we are not critical of its omission. We merely note in passing that if trial courts followed the practice of setting forth the basis of their holding in granting summary judgments (when such was not otherwise clearly evident from the record), it would facilitate appellate review."). Here, even if the order didn't say so, the reason for granting summary judgment was clear from Costco's motion, Lago's response, and the transcribed summary judgment hearing.

As to Lago's second contention, Costco, as the defendant moving for summary judgment, had to show there was no genuine issue of material fact on one or more of the elements of Lago's negligence claim: (a) Costco owed a duty to Lago; (b) it breached that duty; (c) there was a causal connection between Costco's breach and Lago's knee injury; and (d) Lago suffered damages as a result of the breach. See Wilson-Greene v. City of Miami, 208 So. 3d 1271, 1274 (Fla. 3d DCA 2017) ("A negligence claim has four elements: (1) a duty by defendant to conform to a certain standard of conduct; (2) a breach by defendant of that duty; (3) a causal connection between the breach and injury to plaintiff; and (4) loss or damage to plaintiff."); Delgado, 65 So. 3d at 1089 ("The elements of negligence are: (1) a duty to the plaintiff; (2) the defendant's breach of that duty; (3) injury to the plaintiff arising from the defendant's breach; and (4) damage caused by the injury to the plaintiff as a result of the defendant's breach of duty."). Normally,

the duties owed by a business to one of its invitees are: "(1) to take ordinary and reasonable care to keep its premises reasonably safe for invitees; and (2) to warn of perils that were known or should have been known to the owner of which the invitee could not discover." Delgado, 65 So. 3d at 1089.

But in Florida Statutes section 768.0755 the legislature modified a business's duties when its invitees are injured by "transitory foreign substances."[2] See Walker v. Winn-Dixie Stores, Inc., 160 So. 3d 909, 911 (Fla. 1st DCA 2014) ("In 2010 the Florida legislature enacted Section 768.0755, Florida Statutes, the clear intent of which is to re-position the burden of proof in constructive knowledge negligence actions fully onto a plaintiff." (quotation omitted)); see also Encarnacion v. Lifemark Hosps. of Fla., 211 So. 3d 275, 278 (Fla. 3d DCA 2017) ("[W]here a business invitee slips and falls on a 'transitory substance' in a business establishment . . . proof of the breach element of the claim against an owner of the establishment is statutorily constrained . . . ."). Section 768.0755 provides:

> (1) If a person slips and falls on a transitory foreign substance in a business establishment, the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it. Constructive knowledge may be proven by circumstantial evidence showing that:
>
> (a) The dangerous condition existed for such a length of time that, in

---

[2] A "transitory foreign substance" refers "generally to any liquid or solid substance, item or object located where it does not belong." Owens v. Publix Supermarkets, Inc., 802 So. 2d 315, 317 n.1 (Fla. 2001).

the exercise of ordinary care, the business establishment should have known of the condition; or

(b) The condition occurred with regularity and was therefore foreseeable.

§ 768.0755(1), Fla. Stat. (2015). In moving for summary judgment, Costco had to show there was no genuine dispute about its actual or constructive knowledge of the slippery liquid substance on the entranceway floor.

Under similar facts, we have affirmed summary judgment for business establishments in slip-and-fall cases. In Delgado, decided before the effective date of section 768.0755, the plaintiff testified

she did not: (1) know where the water came from; (2) see water anywhere else other than where she slipped; (3) know how long the water was on the floor before she slipped; or (4) know of anyone at Laundromax who knew the water was on the floor before she walked in. Further, there is no evidence in the record that it was raining or that it had recently rained . . . .

Delgado, 65 So. 3d at 1090. In other words, the court said, the "only evidence" was "(1) that the floor was wet; and (2) [the plaintiff] slipped and fell." Id. From this, the court agreed with the trial court that the business defendant was not negligent. Id. Without more evidence, "the mere presence of water on the floor was not enough to establish constructive notice." Id.

Also, in Encarnacion, we described the summary judgment evidence, which consisted of the plaintiff's deposition testimony and answers to interrogatories, this way:

there is no evidence in the record suggesting the existence of the foreign substance on the floor was known to the hospital. In the absence of evidence of actual knowledge, it was incumbent on the plaintiff to come forward with circumstantial evidence that Palmetto General Hospital, in the exercise of ordinary caution, should have known of the condition. In this case, however, the answers to interrogatories and depositions do not establish how long the substance had been on the floor.

Encarnacion, 211 So. 3d at 278. The plaintiff's testimony did present additional facts that "the substance on the floor was 'oily,' 'dirty', and 'dark,'" but even that was "insufficient to create a jury issue." Id.; see also McCarthy v. Broward College, 164 So. 3d 78, 81 (Fla. 4th DCA 2015) (affirming summary judgment for the business establishment because the plaintiff "was unable to identify the liquid in the elevator, determine how long it had been there, or establish if anyone at Broward College had actual or constructive notice of its presence").

Here, too, there was no dispute about Costco's actual or constructive notice of the liquid.[3] As to actual notice, Lago testified she did not see any Costco employee around the liquid or by the entrance before or when she fell. As to constructive notice, Lago's testimony was almost identical to the Delgado plaintiff.

---

[3] Lago offered an unauthenticated expert report from another case and a print out from a weather website as counter-evidence, but the trial court properly struck these items as hearsay that could not be considered as summary judgment evidence under Rule 1.510. See First Union Nat'l Bk. of Fla. v. Ruiz, 785 So. 2d 589, 591 (Fla. 5th DCA 2001) ("[M]erely attaching an unsworn document . . . to a motion for summary judgment does not, without more, satisfy the procedural strictures inherent in Florida Rule of Civil Procedure 1.510(e)."). Lago has not appealed this part of the trial court's summary judgment decision.

Lago testified that it was not raining (the slip and fall happened under an overhang in front of the Costco entrance), she did not see the liquid on the floor before she fell, she didn't know what the liquid was (other than that it was wet), and she didn't know how long it had been there. Lago saw no one else slip in the same busy entranceway before and after her fall.

As in <u>Delgado</u> and <u>Encarnacion</u>, the undisputed summary judgment evidence was that the floor was wet and Lago slipped and fell. Without additional facts suggesting the liquid had been there for a long period of time or this happened regularly, the trial court properly granted summary judgment in favor of Costco. We affirm.

Affirmed.