791 F.2d 1516
 James DUNSTER, Jane Dunster, as the Personal Representatives
of the Estate of James Dunster, Jr. and James
Dunster, Individually, Plaintiffs-Appellees,
v.
METROPOLITAN DADE COUNTY, a political subdivision of the
State of Florida, and Peter Aydelotte,
Defendants-Appellants.
Detective Zatrepalek, et al., Defendants.
 No. 85-5573.
 United States Court of Appeals,
Eleventh Circuit.
 June 24, 1986.
 
 Roy Wood, Asst. Dade County Atty., Miami, Fla., for defendants-appellants.
 Neil Chonin, Chonin & Sher, P.A., Coral Gables, Fla., for plaintiffs-appellees.
 Appeal from the United States District Court for the Southern District of Florida.
 Before FAY, Circuit Judge, and HENDERSON* and NICHOLS**, Senior Circuit Judges.
 HENDERSON, Senior Circuit Judge:
 
 
 1
 This lawsuit arises out of the death of James Dunster, Jr., who died as a result of gunshot wounds sustained on April 26, 1979. The plaintiffs/appellees in this 42 U.S.C. Sec. 1983 action are the parents of James Dunster, who sued in their individual and representative capacities, and the defendants/appellants are Metropolitan Dade County (Dade) and police officer Peter Aydelotte. In the United States District Court for the Southern District of Florida, the jury returned a verdict in favor of the plaintiffs and against both defendants in the aggregate sum of $333,500.00.[1] The defendants then filed a timely appeal of the judgment in favor of the plaintiffs entered by the district court on January 8, 1985. After a careful review of the briefs, the record and the relevant case law, we conclude that the verdict and judgment must be reversed and the case remanded for the entry of a judgment in favor of the defendants.
 
 
 2
 Because of the nature of the legal issues presented, only a recitation of the facts pertinent to our review is necessary. The incident under investigation occurred at Morey's bar on April 26, 1979. Officer Aydelotte was off duty at the time and had previously consumed several alcoholic beverages at other bars before arriving at Morey's. The facts leading up to James Dunster's death are in dispute. Aydelotte claimed that a man named George Goodson, who was at the bar with Richard Dunster, the brother of the deceased, attacked him with a glass "out of the blue" and began an altercation. During the scuffle, Aydelotte cocked his pistol and announced that he was a police officer. At that point the deceased, James Dunster, who was not in Aydelotte's line of vision, allegedly jumped into Aydelotte and knocked him backwards. Aydelotte fell to the ground at which time the gun fired, fatally wounding James Dunster.
 
 
 3
 Aydelotte's version of the events was contradicted by Goodson and Richard Dunster who testified that there was no altercation and that they were inside the restroom at the time of the shooting. In addition, another person who was present in the bar, Danette DiRubio, stated that she did not notice anything unusual at the bar until she heard the gunshot. None of the plaintiffs' witnesses, however, actually saw Aydelotte shoot Dunster and the plaintiffs offered no explanation of the events preceding the shooting.
 
 
 4
 The plaintiffs introduced evidence that Dade County had a policy which required its officers to carry their weapons while off duty including times when they were present in bars. The County also permitted police officers to determine the appropriate circumstances under which they should cock their guns. The plaintiffs presented expert testimony that both of these policies fell below normal police practices and that Aydelotte's conduct in the bar fell below acceptable police standards. The defendants offered evidence contradicting this expert testimony.
 
 
 5
 In the district court, the plaintiffs contended that Officer Aydelotte and Dade County negligently violated the deceased's right to due process under the Fourteenth Amendment. The district court charged the jury on negligence and the special interrogatories submitted to the jury were based on negligence.[2] It is now clear, however, that negligent conduct of state officials can not give rise to a valid Fourteenth Amendment claim. Daniels v. Williams, --- U.S. ----, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); Davidson v. Cannon, --- U.S. ----, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986). Because the plaintiffs' case was premised on a theory of negligence, the jury verdict cannot be sustained under the Fourteenth Amendment.
 
 
 6
 The plaintiffs' sole argument before us in support of the jury verdict is that simple negligence is sufficient to authorize a Fourth Amendment unreasonable search and seizure claim. They argue that the shooting of James Dunster, Jr. violated his Fourth Amendment rights. Although the complaint mentions the Fourth Amendment, the case was presented to the jury as one implicating only the right to due process. The district court's jury instructions dealt only with the allegation that James Dunster was deprived of his life and liberty without due process of law; unreasonable search and seizures were nowhere mentioned in these instructions. In fact, the plaintiffs represented to the district court that there was no unlawful arrest situation present in this case. Record on Appeal, Vol. XI at 107. Moreover, the plaintiffs never objected to the court's failure to instruct the jury on a Fourth Amendment violation. Based on our review of the record, we conclude that the plaintiffs abandoned their Fourth Amendment claims.[3]
 
 
 7
 In summary, this case was tried exclusively as a negligence action under the Due Process Clause of the Fourteenth Amendment. However, as pointed out earlier, mere negligence is insufficient to support an action for a Fourteenth Amendment due process violation. See Daniels, supra. The plaintiffs, having abandoned their Fourth Amendment claims during the trial, cannot sustain a recovery on that amendment on appeal.[4] Accordingly, the verdict in favor of the plaintiffs is vacated and the case remanded for the entry of a judgment in favor of the defendants.
 
 
 8
 REVERSED.
 
 
 
 *
 See Rule 3(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit
 
 
 **
 Honorable Philip Nichols, Jr., Senior U.S. Circuit Judge for the Federal Circuit, sitting by designation
 
 
 [1]
 The jury also found that James Dunster was comparatively negligent and the court reduced the damages by 25%
 
 
 [2]
 The plaintiffs conceded to the district court that their case was predicated on negligence. Record on Appeal, Vol. 10 at 94
 
 
 [3]
 With the exception of the pretrial pleadings, we are unable to find even one reference to the Fourth Amendment by plaintiffs' counsel in any of the arguments presented to the district court or the jury. Because the plaintiffs did not pursue a Fourth Amendment cause of action, we need not decide whether James Dunster actually suffered any Fourth Amendment deprivation
 
 
 [4]
 Because of our disposition, we need not address the defendants' other arguments urging reversal