573 So.2d 411 (1991)
Virginia SKIPPER, Appellant,
v.
BARNES SUPERMARKET, Appellee.
No. 90-1334.
District Court of Appeal of Florida, First District.
January 23, 1991.
*412 James A. Johnston, Pensacola, for appellant.
Mark J. Upton of Brown, Hudgens, Richardson, P.C., Mobile, Ala., for appellee.
JOANOS, Judge.
Appellant Virginia Skipper appeals an order granting summary judgment to appellee Barnes Supermarket, defendant in the negligence action filed by appellant. We reverse.
Appellant's complaint alleged that she was injured in a "slip and fall" incident in a Barnes Supermarket. According to the allegations of the complaint, Barnes Supermarket was negligent in that it allowed food to remain on the floor of its premises, and this food on the floor caused appellant to fall. The complaint further alleged that the condition was known to Barnes Supermarket, or had existed for a sufficient time that Barnes should have known of it. Barnes Supermarket answered, and subsequently filed a motion for summary judgment, alleging the absence of any genuine issue of material fact.
The Barnes customer accident report of the incident indicates the subject accident occurred on September 26, 1988, at 8:20 p.m. The record reflects that there is a "sweeplog policy" applicable to all Barnes Supermarkets. This policy requires the personnel of all Barnes' stores to use a time card for their sweeplog, and to sweep each store in its entirety on an hourly basis during the business day. The time card for sweeps in the store concerned in the instant case shows that the last sweep on September 26, 1988, the day of appellant's alleged fall, was performed between 7:00 and 7:15 p.m. The deposition testimony of the subject Barnes Supermarket store manager indicates that it was not Barnes policy to do the last sweep at 7:00 p.m. Rather, the manager stated the last sweep should have been done at 8:00 p.m.
Appellant's deposition testimony reflects that she and her daughter-in-law arrived at Barnes Supermarket shortly after 8:00 p.m. on September 26, 1988. Appellant stated that as she was pushing a grocery cart, she suddenly found herself walking in spaghetti and immediately fell, going into various contortions as she attempted to keep the back of her head from striking the concrete floor. Appellant said she did not see the spaghetti before she fell. She described the spaghetti as strewn all over the aisle floor, extending fifteen to twenty feet in length. Appellant further stated that spaghetti *413 was the only substance on the floor when she fell. She was unable to state how long the spaghetti had been on the floor, or to explain how it happened to be there.
Appellant's daughter-in-law testified that the spaghetti was spread in a way that indicated someone had walked on it before appellant came upon it. The security guard on duty at Barnes Supermarket on the evening in question testified that the noodles were broken into "pretty good little pieces," which were scattered "a little bit everywhere," about two feet from the shelves lining the aisle for a distance two to three feet long. He said that although he reported the condition of the aisle to the assistant manager, Barnes employees did not sweep and clean the spaghetti from the aisle until after the store closed.
In the order granting Barnes Supermarket's motion for summary judgment, the trial court found that appellant failed to prove that Barnes Supermarket, or its agents or employees, had actual or constructive notice that there was spaghetti on the floor when appellant's accident occurred.
In ruling on a motion for summary judgment, the court must draw every possible inference in favor of the party against whom summary judgment is sought. Moore v. Morris, 475 So.2d 666, 668 (Fla. 1985); Brooks v. Phillip Watts Enterprises, Inc., 560 So.2d 339, 341 (Fla. 1st DCA), review denied, 567 So.2d 435 (Fla. 1990); Schmidt v. Bowl America Florida, Inc., 358 So.2d 1385 (Fla. 4th DCA 1978). Summary judgment is not proper if the evidence is susceptible of different reasonable inferences. Moore v. Morris, 475 So.2d at 668; Brooks, 560 So.2d at 341; Schmidt, 358 So.2d at 1386.
A possessor of premises to which the public is invited has a legal duty to ascertain that the premises are reasonably safe for invitees. Winn-Dixie Stores, Inc. v. Marcotte, 553 So.2d 213, 214 (Fla. 5th DCA 1989). This equates to two legal duties owed to the business invitee: (1) to use reasonable care to maintain the premises in a safe condition, which duty includes a duty to use reasonable care to learn of the existence of any dangerous conditions on the premises, and (2) to give the invitee warning of concealed perils which are or should be known to the landowner, but are unknown to the invitee and could not be discovered by him through the exercise of due care. Marcotte, 553 So.2d at 214; Emmons v. Baptist Hospital, 478 So.2d 440, 442 (Fla. 1st DCA 1985), review denied, 488 So.2d 67 (Fla. 1986). In Marcotte, the court instructed that the duty of a premises possessor to look for unknown dangers not created by the possessor or his agents is breached when the possessor fails to make a reasonably diligent search or inspection at reasonable intervals of time  the frequency and thoroughness of the inspections to depend on the circumstances. 553 So.2d at 215.
Thus, to recover for injuries suffered in a slip and fall, the plaintiff must show that the premises possessor had actual or constructive notice of the dangerous condition. Brooks, 560 So.2d at 341; Maryland Maintenance Service, Inc. v. Palmieri, 559 So.2d 74 (Fla. 3d DCA 1990). Constructive notice may be established (1) by showing that the dangerous condition existed for such a length of time that in the exercise of reasonable care the condition would have been known to the defendant, or (2) by showing that the condition occurred with regularity and was therefore foreseeable. See Brooks, 560 So.2d at 341, and cases cited therein. Indicia of constructive notice in the context of debris on the floor which subsequently causes a slip and fall injury includes evidence of thawing (when the debris involves frozen materials), cart tracks, footprints, crushing, and so forth. See Broz v. Winn-Dixie Stores, Inc., 546 So.2d 83 (Fla. 3d DCA 1989), and cases cited therein.
The evidence in this case, together with its reasonable inferences, would support a finding that Barnes Supermarket had constructive notice of the dangerous condition of its premises, because of the broken and spread-about condition of the spaghetti suggests that it had been on the *414 floor for sufficient time that in the exercise of ordinary care Barnes should have known of the dangerous condition.
Accordingly, the order granting summary judgment in favor of Barnes Supermarket is reversed and remanded for further proceedings.
BARFIELD and WOLF, JJ., concur.