SHAHOOD, Judge.
Appellant, Suzanne Johnson (“Johnson”), appeals the trial court’s entry of summary judgment in favor of appellees in this premises liability action. We reverse and remand for a trial on the merits.
While riding her bicycle through the parking lot at a shopping center owned by appel-lee, Treasure Coast Plaza, Ltd. (“Treasure Coast”), Johnson sustained injuries when her bicycle struck several pieces of concrete and she fell. Johnson filed a complaint against Treasure Coast alleging that the concrete pieces had broken from the concrete bumper stops in the parking space and were strewn across the access lanes. She further alleged that Treasure Coast either knew or should have known that the concrete from the bumper stops was broken, or about to be broken, because the stops were in an advanced state of deterioration. She subsequently amended the complaint to include Ed Schlitt, the property manager of the shopping center, and Richard Schlitt, Inc., the company contracted to clean the parking lot, as co-defendants.
All defendants/appellees filed motions for summary judgment asserting that they had neither actual nor constructive notice of the broken pieces of concrete and that there was no evidence as to how or when the bumper became damaged. In support of his motion, Richard Schlitt filed his affidavit as well as that of Rick Langlois, an employee. Richard Schlitt attested that he contracted with Ed Schlitt to clean the Treasure Coast property; that, as a practice, his employee inspects and cleans the property four days per week; that Richard Schlitt personally inspected the property within forty-eight hours prior to the incident; and that he had not received any written or verbal complaints about any of the bumpers in the six months prior to Johnson’s accident. Rick Langlois stated that he had been employed by Richard Schlitt to clean the parking lot since 1986; that he had never received notice of concrete pieces in the lot; that he generally cleaned the lot four days a week; and that he person *1201 ally inspected and cleaned the lot either late Monday or early Tuesday before Johnson’s accident.
Johnson filed her affidavit in opposition and stated that each week for five weeks subsequent to August 6,1991, the date of her accident, she returned to the parking lot and noticed that the concrete pieces which had caused her fall were not completely removed until September 20, 1991. She therefore ar-' gued that a genuine issue of material fact existed with respect to the frequency with which the parking area was cleaned and as to actual or constructive notice.
Summary judgments should be cautiously granted in negligence cases. Moore v. Morris, 475 So.2d 666, 668 (Fla.1985). The burden is on the movant to show conclusively the absence of any genuine issues of material fact. Id. Further, “[if] the evidence raises any issues of material fact, if it is conflicting, if it will permit different inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by it.” Id. The trial court’s ruling comes clothed with a presumption of correctness and shall not be disturbed absent an abuse of discretion. Jeff-Ray Corp. v. Jacobson, 566 So.2d 885 (Fla. 4th DCA 1990).
Analogous to the instant case is Skipper v. Barnes Supermarket, 573 So.2d 411 (Fla. 1st DCA 1991), which involved a slip and fall in a supermarket. Skipper charged that she slipped on spaghetti which was strewn across the aisle spanning fifteen to twenty feet; however, she was unable to state how long the spaghetti had been on the floor or how it came to be there. Id. at 412-13. The court recognized the supermarket owner’s duty to make the premises reasonably safe for invitees, as well as the plaintiffs duty to show that the landowner or possessor had actual or constructive notice of the dangerous condition. Id. at 413 (citations omitted). In reversing the trial court’s grant of summary judgment in favor of the supermarket, the First District found that:
The evidence in this ease, together with its reasonable inferences, would support a finding that Barnes Supermarket had constructive notice of the dangerous condition of its premises, because of the broken and spread-about condition of the spaghetti suggests that it had been on the floor for sufficient time that in the exercise of ordinary care Barnes should have known of the dangerous condition.
Id. at 413-14.
Similarly, we hold that the evidence of crushed and strewn about portions of concrete from the eroding bumper stop would support a conclusion that appellees had constructive notice of the condition. At the very least, the issue should be put to a jury for a factual determination. Therefore, we reverse the trial court’s entry of summary judgment and remand for a trial on the merits.
REVERSE and REMAND.
GLICKSTEIN and FARMER, JJ., concur.