PER CURIAM.
In this slip and fall case the court entered summary judgment for the store owner.[1] We reverse.
Appellant Freeda Lynch slipped and fell on a creamy substance on the floor of appellee’s store. She alleged that such substance constituted a dangerous condition of which the defendant had constructive knowledge. Plaintiffs affidavit stated that for a period of fifteen minutes she and her daughter had been shopping in the cosmetics area, within view of the nearby area where she subsequently fell. During that fifteen minutes no other customers, and no Target employees, entered or exited the area where the fall occurred. The facts, viewed most favorably to the plaintiff, support a reasonable inference that the foreign substance had been on the floor for a minimum of fifteen minutes. Whether that is sufficient time in which appellee should have become aware of this condition is for the trier of fact. See Montgomery v. Fla. Jitney Jungle Stores, Inc., 281 So.2d 302 (Fla.1973); Little v. Publix Supermarkets, Inc., 234 So.2d 132 (Fla. 4th DCA 1970).
REVERSED AND REMANDED.
DELL and TAYLOR, JJ., and OWEN, WILLIAM C., Jr., Senior Judge, concur.

. The summary judgment does not state the basis upon which it was entered but the motion and the briefs on this appeal focus upon evidence as to the length of time the substance had been on the floor prior to plaintiff’s slip and fall.