[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13745
Non-Argument Calendar
_____

D.C. Docket No.  0:12-cv-61578-WPD


MARIE CORINNE DOUDEAU,

Plaintiff-Appellant,

versus


TARGET CORPORATION,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 25, 2014)

Before PRYOR, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Marie Doudeau appeals the district court's grant of summary judgment in

favor of Target Corporation in her personal injury lawsuit.  On appeal, Doudeau

argues that the district court erred when it held that no questions of fact existed about whether Target had constructive notice of the existence of a puddle of water prior to Doudeau's fall. She asserts that Target employees knew that water regularly accumulated in this location and that this caused the floor to become slippery. Further, she argues that the district court ignored her claim for negligent mode of operation, and that a jury should determine if Target failed to take the appropriate measures to ensure the safety of its invitees.

Doudeau was shopping at the Target store in Hollywood, Florida, with her daughter, Danielle Bohenstiel, on August 1, 2011. On that day, it had been raining intermittently and there was standing water in the parking lot and the area in front of the store. Doudeau proceeded to the back of the store and walked around the entire store before heading back towards the front. She was in the front of the store, near the "One Spot," which was located approximately ten to fifteen feet from where the carpet at the entrance of the store ended. While holding onto the side of her daughter's shopping cart and walking, Doudeau slipped and fell to the floor. Doudeau testified that she landed in a twelve-inch puddle of clean water that had no tracks or footprints in it.

We review a district court's grant of summary judgment de novo, applying the same legal standard as the trial court. Watkins v. Ford Motor Co., 190 F.3d 1213, 1216 (11th Cir. 1999). Summary judgment is proper if the evidence, viewed

2

in the light most favorable to the nonmoving party, presents no genuine dispute as to any material fact and compels judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322–23, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986). Where jurisdiction is founded on diversity and no federal question is involved, we apply substantive state law, either declared by the state's legislature or by its highest court in a decision. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S. Ct. 817, 82 L. Ed. 1188 (1938). If the Supreme Court of Florida has not addressed a particular issue, federal courts are bound by the decisions of the Florida district courts of appeal that address the disputed issue, unless there is an indication that the supreme court would not adhere to the district court's decision. Geary Distrib. Co., Inc. v. All Brand Imp., Inc., 931 F.2d 1431, 1434 (11th Cir. 1991).

Florida law provides that: "[i]f a person slips and falls on a transitory foreign substance in a business establishment, the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it." Fla. Stat. § 768.0755(1). Constructive knowledge may be proven by circumstantial evidence showing that (a) the dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or (b) the condition occurred with regularity and was therefore foreseeable. Id.

The district court relied primarily upon two cases in its decision.  In Sammon v. Target Corporation, 2012 WL 3984728 (M.D. Fla. 2012), the court granted summary judgment to Target because it held that the plaintiff had not shown constructive or actual knowledge on the part of the corporation.  The court pointed out that it had not been raining and there was no indication of how the water plaintiff slipped in had gotten on the floor.   Similarly, in the other case, Delgado v. Laundromax, Inc., 65 So.2d 1087 (Fla. 3d DCA 2011), the court granted summary judgment to the defendant because the plaintiff provided no evidence that the defendant had constructive or actual knowledge of the presence of water on the floor.  There, too, the court pointed out that there was no evidence that it was raining or had rained, which would have provided the source of the water.  65 So.2d at 1090.

By contrast, here there was testimony that it had been raining and there was standing water in the parking lot.  Further, an employee who helped Doudeau after she fell stated that the water must have been tracked in from outside.  Another Target employee testified that the area ten to fifteen feet away, where the carpet met the tile, was a known slip and fall area when it rained.[1]  While the district court stated that the testimony of Target employee Michael Protz was that he had

---

[1]    Although the district court assumed that this area—with respect to which a Target employee said was a known slippery area when it rained—was "an entirely different location of the store from where the plaintiff fell," Order at 9, a reasonable jury could find otherwise.

4

walked through the area less than four minutes before the fall and there was nothing there, Protz actually testified that he did not see anything on the floor. A review of the surveillance video shows Protz walking through the area but his gaze is not on the floor but instead at the customers, which would be logical given that Protz is in charge of loss protection. That same surveillance footage does not reveal any water being spilled on the floor between Protz's walkthrough and Doudeau's fall. These facts, taken in the light most favorable to the plaintiff, support a reasonable inference that Target had constructive knowledge that rainwater could create a slippery floor in the area where Doudeau fell and that the water could have been on the floor long enough for Target to discover it.

The decision of the district court granting Target's motion for summary judgment is reversed.

REVERSED and REMANDED.