[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14329
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cv-20708-FAM


EVELYN PALAVICINI,

                                                        Plaintiff - Appellant,

versus

WAL-MART STORES EAST, LP.,

                                                        Defendant - Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 12, 2019)

Before WILSON, MARTIN, and NEWSOM, Circuit Judges.

PER CURIAM:

The Petition for Rehearing filed by Evelyn Palavicini is GRANTED.  As a result, the May 29, 2019 opinion issued in this case is vacated and the following opinion is substituted in its stead.

Evelyn Palavicini slipped and fell on liquid on the floor of a Wal-Mart store. Palavicini did not know how or when the liquid got on the floor, but alleged that an unidentified female employee told her that the air conditioning vent above the incident area had been leaking for one week prior to the incident.  Palavicini sued Wal-Mart Stores East, L.P. in Florida state court, alleging that Wal-Mart negligently (1) failed to maintain its property in a reasonably safe manner, and (2) failed to warn her of the dangerous condition posed by the liquid on the floor. Wal-Mart removed the case to federal court.

The district court granted summary judgment in favor of Wal-Mart, holding that Palavicini failed to provide sufficient evidence to support a reasonable inference that Wal-Mart had constructive notice of the liquid on the floor. Palavicini appealed.  After careful review, we affirm.

## I.    Factual and Procedural Background

Closed circuit television (CCTV) footage shows the store's assistant manager, Jorge Mastrapa, walking and standing in the immediate area where Palavicini slipped and fell approximately two minutes before the incident.

2

After falling, Palavicini observed the liquid on the floor to be "yellow" and "dirty." Palavicini testified that she did not see any liquid before falling. She also does not know how the liquid got on the floor, the length of time it was on the floor, or whether any Wal-Mart employee knew of the liquid on the floor prior to the incident. Palavicini claims she was told by an unidentified female employee that an air conditioning vent on the ceiling had been leaking for one week prior to the incident. She testified, however, that she did not remember seeing the ceiling leak.

Palavicini's complaint alleges that Wal-Mart was negligent in (1) failing to maintain its property in a reasonably safe manner, and (2) failing to warn her of the dangerous condition posed by the water on the floor.

Wal-Mart's motion for summary judgment argues that there is no record evidence that it had actual or constructive notice of the liquid on the floor or a leak from the ceiling. Wal-Mart asserts that the record is devoid of any evidence regarding (1) the length of time the liquid was present on the floor prior to the incident, and (2) any similar slip and fall incidents involving liquid on the floor or a leak from the ceiling.

The magistrate judge issued a Report and Recommendation (R&R) to grant Wal-Mart's motion for summary judgment, reasoning that Palavicini provided insufficient evidence to support a reasonable inference that Wal-Mart had

constructive notice of the liquid on the floor.  Specifically, Palavicini adduced insufficient evidence to establish that (1) the liquid was present for sufficient period of time to put Wal-Mart on notice of its existence and to allow it the opportunity to remedy the condition, and (2) the dangerous condition occurred with such regularity that it was foreseeable.  The district court adopted the magistrate judge's R&R and granted Wal-Mart's motion for summary judgment.

## II.    Discussion

Palavicini contends that the district court erred in granting summary judgment because the record evidence establishes a genuine issue of material fact regarding whether Wal-Mart had actual or constructive notice of the dangerous condition posed by the liquid on the floor prior to Palavicini's fall.  Palavicini asserts that the district court failed to view the evidence and all reasonable inferences in the light most favorable to her.

"We review a district court's grant of summary judgment de novo, viewing all the evidence, and drawing all reasonable factual inferences, in favor of the nonmoving party." *Stephens v. Mid-Continent Cas. Co.*, 749 F.3d 1318, 1321 (11th Cir. 2014).  Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Summary judgment is improper, however, "if the evidence is such that a reasonable jury could return a

verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

To prevail on a negligence claim, a plaintiff must prove that (1) the defendant had a legal duty to protect the plaintiff from particular injuries; (2) the defendant breached that duty; (3) the defendant's breach actually and proximately caused the plaintiff's injuries; and (4) the plaintiff suffered actual harm. *Zivojinovich v. Barner*, 525 F.3d 1059, 1067 (11th Cir. 2008).  With respect to the duty element, "[a] possessor of premises to which the public is invited has a legal duty to ascertain that the premises are reasonably safe for invitees." *Skipper v. Barnes Supermarket*, 573 So. 2d 411, 413 (Fla. 1st DCA 1991).  This duty to business invitees equates to two legal duties: (1) to use reasonable care to maintain the premises in a safe condition, which includes a duty to use reasonable care to learn of the existence of any dangerous conditions on the premises, and (2) to give the invitee warning of concealed perils which are or should be known to the landowner, but are unknown to the invitee and could not be discovered by him through the exercise of due care. *Id.*

Under Florida law, which governs this diversity case,[1] a plaintiff bringing a negligence claim based upon a transitory foreign substance on the floor of a

---

[1] A federal court sitting in diversity applies the substantive law of the state in which the case arose.  *Pendergast v. Spring Nextel Corp.*, 592 F.3d 1119, 1132–33 (11th Cir. 2010).

5

business must prove that the business had "actual or constructive knowledge of the dangerous condition and should have taken action to remedy it."  Fla. Stat. § 768.0755(1).

Actual knowledge of a dangerous condition exists when a business owner's employees or agents know of or create the dangerous condition.  *Barbour v. Brinker Fla., Inc.*, 801 So. 2d 953, 957 (Fla. 5th DCA 2001).  Constructive knowledge can be established by circumstantial evidence, by either showing that:

> (a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or
>
> (b) The condition occurred with regularity and was therefore foreseeable.

Fla. Stat. § 768.0755(1).

### i.    Actual Notice

Palavicini argues Wal-Mart was on actual notice there was a leaking air conditioning unit above the area where she fell.  Because we agree with Wal-Mart that Palavicini did not preserve this argument for appeal, we may not consider it.

A party may raise an issue on appeal if the question was "presented to the trial court for a ruling and not thereafter waived or withdrawn."  *Ace Am. Ins. Co. v. Wattles Co.*, 930 F.3d 1240, 1250 n.14 (11th Cir. 2019) (quotation marks omitted).  A party waives its right to appeal from an issue decided through a magistrate judge's report and recommendation ("R&R") if the party fails to make

specific and clear objections to the relevant finding of fact or law. *See Knezevich v. Ptomey*, 761 F. App'x 904, 906 (11th Cir. 2019) (per curiam) (unpublished); 11th Cir. R. 3-1; *see also* Fed. R. Civ. P. 72(b) (setting forth the procedure for objecting to a magistrate judge's R&R). In general, it is improper for a federal appellate court to be the first judicial body to pass upon a substantive issue in a case. *See Strickland v. Alexander*, 772 F.3d 876, 889 (11th Cir. 2014).

The district court record shows that Palavicini did not preserve her actual notice argument for appeal. At a conference before the magistrate judge on August 15, 2018—well into the course of litigation—Palavicini's counsel and the judge engaged in the following colloquy:

> THE COURT: This is not an actual knowledge case, right? The plaintiff is not proceeding on and has adduced no evidence of actual knowledge, is that correct?
>
> MR. CONFORTI: That's correct.

Palavicini's affirmative abandonment of her actual notice argument is reinforced by her substantive briefing before the district court. In opposition to Wal-Mart's motion for summary judgment, Palavicini briefly mentioned the possibility that Wal-Mart had actual notice of the leak, but then proceeded to argue only that Wal-Mart had constructive knowledge. What's more, the R&R recommending that Wal-Mart's motion for summary judgment be granted states: "Plaintiff does not claim—and the evidence does not show—that Wal-Mart had actual knowledge of

the liquid substance on which she slipped." Palavicini's opposition to the R&R mentions facts that could support allegations of actual notice, but she did not object to the R&R's finding that Wal-Mart did not have actual notice of the leak. Neither did she make any substantive arguments in support of an actual notice claim. Palavicini's actions in litigating the case before the district court simply do not show a desire to present the issue for adjudication.

On appeal, Palavicini admits her trial counsel "indicated that they were not attempting to prove that Wal-Mart had actual knowledge of the leak prior to the fall." Nevertheless, she offers a number of arguments as to why the issue was actually preserved for appeal. First, she argues it is the duty of this Court to "review[] the record evidence *de novo*." That may be so, *see, e.g.*, *Stephens*, 749 F.3d at 1321, but we are unable to review evidence for an issue that is not properly preserved for appeal. Second, she argues her actual notice argument was preserved due to its presence in her complaint. Yet a brief mention of an issue in a complaint—without more—is not enough to permit the plaintiff to assert it on appeal. *See Dunster v. Metropolitan Dade County*, 791 F.2d 1516, 1518–19 (11th Cir. 1986) (concluding plaintiffs abandoned certain claims). Third, she claims her opposition to summary judgment "did contain language on the issue of actual notice," even if "actual knowledge [was] not a feature of" the response. Regardless of whether this argument holds up on its own, it ultimately fails

8

because Palavicini did not object to the R&R's statement that actual knowledge was neither a component of her case nor supported by record evidence. *See Resolution Tr. Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1150 (11th Cir. 1993). True, Palavicini's objection made brief mention of the R&R's failure to consider the statement of a Wal-Mart employee. But even if that employee's statement were a part of Palavicini's actual notice argument, the objection was not clear or specific enough for us to understand she wanted to make an actual notice argument. *Cf. Jimenez v. Collier Transit Mgmt., Inc.*, 337 F. App'x 804, 809 (11th Cir. 2009) (per curiam) (unpublished) (holding "citation to two cases that happened to discuss" the issue appellant sought to raise "did not preserve that argument for review on appeal").

Palavicini's failure to raise her claims of Wal-Mart's actual notice before the district court, despite having been given several opportunities to do so, means we cannot now weigh in on the substance of those arguments. For Palavicini to succeed in this appeal, therefore, she must prove that Wal-Mart had constructive notice of the dangerous condition.

   *ii. Constructive Notice Under Fla. Stat. § 768.0755(1)(a)*

Under Fla. Stat. § 768.0755(1)(a), Palavicini must establish that the "dangerous condition existed for such a length of time that in the exercise of

reasonable care the condition would have been known to the defendant." *Grimes v. Family Dollar Stores of Fla., Inc.*, 194 So. 3d 424, 427–28 (Fla. 3d DCA 2016).

Palavicini argues that there is substantial evidence to support a finding that the liquid was present on the floor before Wal-Mart's store manager, Jorge Mastrapa, traversed the area. Palavicini asserts that, in the two and a half minutes between Mastrapa passing by the area to when Palavicini fell, CCTV footage shows that no customer spilled liquid on the floor. She argues this evidence supports a reasonable inference that the liquid had been on the floor prior to Mastrapa passing through the area. Moreover, Wal-Mart's use of a "considerable amount of spill magic"[2] to absorb the liquid supports an inference that there was enough liquid on the floor to be observable to Mastrapa. We find the evidence insufficient to support a reasonable inference that the liquid was on the floor long enough to establish Wal-Mart's constructive notice.

Taken in the light most favorable to Palavicini, the evidence shows that she slipped and fell on a liquid substance on the floor at Wal-Mart. Palavicini did not see the liquid before falling, did not know where the liquid came from, did not know how long it had been present before falling, and did not know of any Wal-Mart employees who were aware of the liquid on the floor immediately before falling. Although she testified that the liquid on the floor appeared to be "yellow"

---

[2] Spill magic is an absorbent powder that is utilized to dry liquid.

10

and "dirty," she did not know what caused the liquid to be dirty. There is no evidence of footprints, prior track marks, changes in consistency, drying of the liquid, or other evidence that would tend to show that the liquid was on the floor for an amount of time sufficient to impute constructive notice to Wal-Mart.

Palavicini asserts that no customer can be seen spilling liquid on the floor after Mastrapa passed through the area, which she argues supports an inference that the liquid was present prior to Mastrapa's passing. Palavicini cites *Lynch v. Target Stores, Div. of Dayton Hudson Corp.*, 790 So. 2d 1193, 1194 (Fla. 4th DCA 2001), for the proposition that the lack of a potential cause for the presence of a foreign substance during a certain timeframe "supports a reasonable inference that the foreign substance had been on the floor" prior to that timeframe. But *Lynch* is factually distinguishable.

In *Lynch*, the plaintiff contended that for a period of fifteen minutes, she and her daughter were shopping in the cosmetics area, within view of the nearby area where she later slipped and fell on a creamy substance. *Id.* During that fifteen minutes, no Target employees or other customers entered or exited the area where the fall occurred. *Id.* The court found that the facts supported a reasonable inference that the foreign substance had been on the floor for a minimum of fifteen minutes. *Id.* Whether fifteen minutes was a sufficient time in which Target should have become aware of the condition was a question left to the jury. *Id.*

11

Here, unlike in *Lynch*, the CCTV footage shows numerous customers walking over the area where Palavicini fell.  Although Palavicini asserts that the footage shows that no customer spilled liquid on the floor after Mastrapa left the area, she admits that she does not know how or when the liquid got on the floor. She also concedes that the CCTV footage does not actually show any liquid on the floor or the ceiling leaking.  Simply put, Palavicini cannot identify when the liquid presented itself.

"[T]he mere presence of water on the floor is not enough to establish constructive notice"—rather, the record must contain additional facts to create a permissible inference regarding the amount of time the water had been on the floor.  *Delgado v. Laundromax, Inc.*, 65 So. 3d 1087, 1090 (Fla. 3d DCA 2011). Palavicini has provided no additional facts that would support constructive notice. Rather, the facts indicate that the liquid was not on the floor for a long period of time prior to the incident.[3]  *See Wal-Mart Stores, Inc. v. King*, 592 So. 2d 705, 706–07 (Fla. 5th DCA 1991) (reversing a jury verdict in favor of a slip-and-fall plaintiff when the spilled substance displayed no "obvious signs of age, such as skid marks, smudges, dirt or the like" and there was no evidence about how or

---

[3] The CCTV footage shows numerous customers walking over the accident area immediately before Palavicini fell, yet there were no footprints, cart tracks, or any other signs that the puddle had been disturbed before the incident.  To infer based on these undisputed facts that the liquid was on the floor for a sufficient period of time to charge Wal-Mart with constructive notice would require assuming facts not supported by the record.

when the substance got on the floor); *see also Garcia v. Wal-Mart Stores East, L.P.*, No. 6:14-cv-255-Orl-40TBS, 2015 WL 898582, at \*2 (M.D. Fla. Mar. 3, 2015) (noting that evidence of deterioration supports constructive knowledge, while absence of such evidence disproves it).[4]

To conclude that Wal-Mart had constructive notice under Fla. Stat. § 768.0755(1)(a), would require drawing a series of impermissible inferences that are unsupported by the record. *See Daniels*, 692 F.2d at 1324 ("[A]n inference is not reasonable if it is only a guess or a possibility, for such an inference is not based on the evidence but is pure conjecture and speculation. This proposition is undoubtedly sound." (internal quotation marks omitted)).

### iii.    *Constructive Notice Under Fla. Stat. § 768.0755(1)(b)*

Palavicini argues that even if the record evidence is deficient to establish that the liquid was on the floor for a sufficient amount of time to impute constructive notice to Wal-Mart under Fla. Stat. § 768.0755(1)(a), constructive

---

[4] Palavicini relies on this Court's unpublished decision in *Doudeau v. Target Corp.*, 572 F. App'x 970, 971–72 (11th Cir. 2014), where we reversed the district court's grant of summary judgment because there was evidence that the area where the plaintiff fell was a known slip and fall area, and evidence that it was raining on the day in question. As the district court correctly pointed out, *Doudeau* is distinguishable. The fact that the defendant had knowledge of the source of the water, and that water would accumulate in the known slip and fall area when it was raining or had rained, precluded summary judgment for the defendant. *See id.* at 972. Palavicini has failed to produce similar evidence to impute constructive notice to Wal-Mart. *See Brooks v. Phillip Watts Enters., Inc.*, 560 So. 2d 339, 342 (Fla. 1st DCA 1990) (reversing the grant of summary judgment in favor of defendant because constructive notice could be inferred from defendant's prior knowledge of the slippery condition of the floor when wet, and prior knowledge of the source of the water that caused the condition).

13

notice can be imputed to Wal-Mart under Fla. Stat. § 768.0755(1)(b).  Fla. Stat. § 768.0755(1)(b) requires a showing that a "condition occurred with regularity and was therefore foreseeable."  She argues that Wal-Mart knew that the air conditioning unit above the area where she fell frequently leaked, which is sufficient to place Wal-Mart on constructive notice of the leak on the date of the incident.[5]  Palavicini relies on four pieces of evidence to establish that the leak occurred with regularity: (1) a former Wal-Mart employee, Angel Luis Mesa, testified that he observed a leak on a few occasions in the ceiling above where Palavicini fell; (2) Wal-Mart's Asset Protection Assistant Manager, Jose Perez Del Rio, testified that he was aware of other ceiling leaks at the store; (3) an affidavit from Palavicini's air conditioning expert, John Provenzano, explaining that the leak occurred because the air conditioning unit did not have the appropriate safety float switch; and (4) a work order issued two months before the incident that addressed a leak in the air conditioning unit above the area where Palavicini fell.

Although Mesa testified that he had observed on a few occasions a leak from the ceiling above the area where Palavicini fell, he had "no knowledge as to the specific date and time [he] observed the leaks" and did not know of anyone falling because of the leaks.  Perez Del Rio similarly testified that he was aware of leaks at

---

[5] The district court correctly noted that Wal-Mart contests the fact that there was a leak, but for purposes of summary judgment, we must accept Palavicini's assertion that there was a ceiling leak on the date of the incident.

14

the store but did not know of any leaks regarding the specific air conditioning vent directly above where Palavicini fell. We find these statements insufficient to establish that a leak above the incident area occurred with such regularity that it would foreseeably reoccur on the date of the accident.

Palavicini also relies on Provenzano's affidavit, which expresses opinions regarding the subject air conditioning unit. Provenzano believed that the leak was caused by the lack of a "safety float switch" in the air conditioning unit. He observed water damage in the ceiling above where Palavicini fell and opined that the damage was indicative of prior water intrusions and leaks. His also noted extensive amounts of rust, sludge, and algae in the unit. But as the district court noted, Provenzano inspected the air conditioning unit in June 2018—four years after Palavicini's accident. The district court held that Provenzano's "opinion provides no basis from which a reasonable fact finder could conclude that the damage Mr. Provenzano witnessed in June 2018 was present at or around the time of [Palavicini's] accident." We agree. Provenzano's affidavit fails to establish that the air conditioning unit was in a similar poor condition in 2014. His affidavit is therefore insufficient to demonstrate foreseeability of a dangerous condition on the date of the accident.

Finally, Palavicini relies on a work order, which indicates that a leak in the air conditioning unit at issue was fixed two months prior to the incident. But

again, to prove constructive notice under Fla. Stat. § 768.0755(1)(b), Palavicini must demonstrate that the leak that caused her fall "occurred with regularity." An isolated work order that was issued two months before the incident is insufficient to show that the air conditioning unit leaked regularly.[6]

We find that Palavicini has failed to adduce evidence sufficient to establish that the dangerous condition—a ceiling leak that caused Palavicini to slip and fall—occurred with such regularity that it was foreseeable on the date of the incident.

### III.    Conclusion

Palavicini has failed to produce sufficient evidence to support a reasonable inference that Wal-Mart had constructive notice of the liquid on the floor or a leak from the ceiling. We therefore affirm the district court's grant of summary judgment in favor of Wal-Mart.

**AFFIRMED.**

---

[6] Moreover, the work order fails to indicate whether the leak from the air conditioning unit reached either the ceiling or the floor.

16