[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11012

Non-Argument Calendar

_____

JACQUELINE STRUCK,

Plaintiff-Appellant,

*versus*

WAL-MART STORES EAST, LP,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:19-cv-00598-SPC-NPM

_____

Before WILSON, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant, Jacqueline Struck, appeals the district court's grant of summary of judgment in favor of Defendant-Appellee Wal-Mart Stores East, LP (Walmart) on her negligence claim. Struck was injured when she slipped and fell on a puddle of water in a Walmart store. Struck argues that the district court erred in granting summary judgment because the evidence presented showed that Walmart had actual or constructive notice of a dangerous condition. We affirm the district court's decision because Struck has not established a genuine issue of material fact as to whether Walmart had notice of the dangerous condition, as required by Florida law.

I.

Because we write for the parties, we assume familiarity with the facts and write only those necessary for the resolution of this appeal. In her deposition, Struck testified that on September 28, 2015, she and a friend went shopping at Walmart for a few household items. According to her friend's deposition, it was "pouring down rain" that night. Struck further testified that while she and her friend were shopping, she slipped and fell on a puddle of water. Struck did not see the puddle prior to her accident.

Struck brought this negligence action against Walmart in state court in July 2019 and Walmart removed the case to federal

court. Struck alleged that Walmart failed to exercise ordinary and reasonable care in maintaining the premises in a reasonably safe condition. Central to her case is her evidence of Walmart's roof issues in 2015. The relevant issue before the district court was whether Walmart knew, or had reason to know, that the roof was leaking in the area of the store where Struck fell. The court found that Walmart had neither actual nor constructive knowledge of the leak giving rise to Struck's accident. Therefore, the court granted summary judgment in favor of Walmart.

On appeal, Struck argues that Walmart had actual knowledge because there were reports of other leaks in the building. Specifically, she argues that Walmart did not need to have knowledge of the *specific* puddle, but a general knowledge that the roof leaked when it rained. In the alternative, she argues that the size of the puddle and the regularity of the condition are circumstantial evidence of Walmart's constructive knowledge. She also contends that summary judgment was not appropriate because Walmart created the dangerous condition by failing to maintain its roof. Lastly, she argues that the district court erred in failing to consider her expert's opinion.

## II.

"We review the district court's ruling on a motion for summary judgment de novo, applying the same legal standards that bound the district court." *Seamon v. Remington Arms Co.*, 813 F.3d 983, 987 (11th Cir. 2016). "Motions for summary judgment should be granted only when the pleadings, depositions, answers

to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id.* at 987–88. On a motion for summary judgment, we make all reasonable inferences in the light most favorable to the non-moving party. *Pennington v. City of Huntsville*, 261 F.3d 1262, 1265 (11th Cir. 2001).

We apply the substantive law of the forum state in diversity cases. *Cadle v. GEICO Gen. Ins. Co.*, 838 F.3d 1113, 1121 (11th Cir. 2016). "Where the Supreme Court of Florida has not addressed a particular issue, federal courts are then bound by the decisions of the Florida district courts of appeal that address the disputed issue, unless there is an indication that the supreme court would not adhere to the district court's decision." *Geary Distrib. Co. v. All Brand Imps., Inc.*, 931 F.2d 1431, 1434 (11th Cir. 1991) (per curiam).

To prevail on a claim for negligence under Florida law, a plaintiff must show that: (1) the defendant owed a duty, (2) the defendant failed to conform to that duty, (3) the defendant's failure to conform to that duty caused the plaintiff's injury, and (4) the plaintiff suffered some actual harm. *Williams v. Davis*, 974 So. 2d 1052, 1056 (Fla. 2007).

The relevant Florida statute on premises liability provides: "If a person slips and falls on a transitory foreign substance in a business establishment, the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it."

Fla. Stat. § 768.0755(1).  "Constructive knowledge may be proven by circumstantial evidence showing that: (a) [t]he dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or (b) [t]he condition occurred with regularity and was therefore foreseeable." *Id.*  Actual knowledge of a dangerous condition exists when a business owner's employees or agents know of or create the dangerous condition. *Barbour v. Brinker Fla., Inc.*, 801 So. 2d 953, 957 (Fla. Dist. Ct. App. 2001).

"Section 768.0755 specifically places the burden on the plaintiff to prove that the business establishment had constructive knowledge of the hazard." *Oliver v. Winn-Dixie Stores, Inc.*, 291 So. 3d 126, 128 (Fla. Dist. Ct. App. 2020).  While the plaintiff need not prove constructive knowledge at the summary judgment stage, if the defendant shows there are no disputed factual issues about its constructive knowledge the burden shifts to the plaintiff to offer counter-evidence sufficient to reveal a genuine issue. *Id.* at 129.  In addition, "the mere presence of water on the floor is not enough to establish constructive notice." *Delgado v. Laundromax, Inc.*, 65 So. 3d 1087, 1090 (Fla. Dist. Ct. App. 2011).  The record must contain additional facts to create a permissible inference that the defendant had constructive notice. *Id.*

### III.

We turn first to whether Walmart had actual knowledge of the puddle.  In sum, Struck argues that Walmart had actual knowledge of the puddle because they knew that their roof had

leaks in it.  She relies on a list of leaks that Walmart sent to a contractor shortly after her accident as well as a report that the roof was "failing" that was prepared after the accident.  However, knowledge of problems with the roof does not mean that Walmart had actual knowledge of the puddle.  Actual knowledge requires that Walmart either knew about the puddle or created it. *Barbour*, 801 So. 2d at 957.  There is nothing in the record that demonstrates that any Walmart employee knew about the puddle before Struck fell.  Further, Struck does not provide any support that Walmart had actual knowledge of the puddle in her brief; she merely tries to show that Walmart's knowledge of a leaky roof demonstrates actual knowledge of the puddle.  Even at the summary judgment stage, this is not sufficient evidence to show actual knowledge.

Struck argues that even if Walmart did not have actual knowledge, they still had constructive knowledge of the puddle. An injured party can establish constructive notice by showing either: (1) that the dangerous condition existed for such a length of time that the business owner should have known of its existence, or (2) that the dangerous condition occurred with such regularity that the business owner should have known of its existence.  Fla. Stat. § 768.0755(1).

Under the first method, Struck argues that the size of the puddle is circumstantial evidence that it had existed long enough for Walmart to reasonably know of its existence.  However, the problem with this argument is that the only evidence of the puddle is a picture taken by Struck after she fell.  No Walmart employee

saw the puddle prior to Struck's accident and Struck provided no evidence of how long the puddle was there.  Without this evidence we cannot conclude that the "dangerous condition existed for such a length of time" that Walmart had constructive knowledge of its existence.  *See id.*

Under the second method, Struck argues that we should apply our analysis in *Doudeau v. Target Corp.* and confirm that an inference of constructive notice can arise from the store's history of wet floors in rainy conditions.  572 F. App'x 970 (11th Cir. 2014) (per curiam).  However, in *Doudeau* there was a specific finding that the area of the store where the plaintiff fell was a known slip-and-fall area.  *Id.* at 972.  There was no such finding here.  The only information on the area where Struck fell was that the roof above that area had been repaired four months prior to her accident.  There is no evidence that Walmart was on notice that the roof in this particular area was prone to leaks when it rained.  Therefore, Struck has not met her burden of showing that the condition occurred with such regularity that Walmart had constructive knowledge of its existence.

In addition to her negligence claim arising under Fla. Stat. § 768.0755, Struck argues that Walmart was also negligent by breaching their duty to maintain the roof in a reasonably safe condition.  She argues that this is a separate common law cause of action from a transitory foreign substance claim and does not require proof that the defendant had knowledge of the condition.  Struck's arguments fail for three reasons: (1) the cases she cites in support do not

involve a slip and fall, (2) Florida no longer recognizes a separate cause of action for negligent mode of operation, and (3) while Walmart had a duty of reasonable care, Struck was still required to prove Walmart breached that duty, which she failed to do.

Struck supports the argument that the duty to maintain is an independent cause of action by citing two Florida cases, *Knight v. Waltman*, 774 So. 2d 731 (Fla. Dist. Ct. App. 2000), and *Wolford v. Ostenbridge*, 861 So. 2d 455 (Fla. Dist. Ct. App. 2003). However, since neither case concerns the Florida statute on transitory foreign substances, they are not applicable to this case.

Furthermore, the changes between the 2002 Florida statute on transitory foreign substances and the current statute, enacted in 2010, highlight that the plaintiff must establish notice. Struck cites to *Delgado*, where the Florida district court of appeal noted that the negligent mode of operation theory was available to plaintiffs under the 2002 Florida statute. 65 So. 3d at 1090. That statute specifically placed the burden on the plaintiff to prove the defendant "acted negligently by failing to exercise reasonable care in the maintenance, inspection, repair, warning, or mode of operation of the business premises." Fla. Stat. § 768.0710(2)(b) (repealed 2010). Thus, there was specific language in the 2002 statute that allowed for a negligent mode of operation claim. In contrast, the current statute does not provide for a negligent mode of operation claim, but instead requires the plaintiff to prove the defendant had knowledge of a dangerous condition. Fla. Stat. § 768.0755(1). For example, in *Pembroke Lakes Mall Ltd. v. McGruder*, the Florida

district court of appeal concluded that, under the current statute, a plaintiff in a slip-and-fall case can no longer assert a negligence claim based on failure to exercise reasonable care in maintenance. 137 So. 3d 418, 426 (Fla. Dist. Ct. App. 2014).

Struck also argues that subsection (2) of § 768.0755 provides that a plaintiff may bring a claim for negligent mode of operation. That subsection provides that "[t]his section does not affect any common-law duty of care owed by a person or entity in possession or control of a business premises." Fla. Stat. § 768.0755(2). We interpret the plain meaning of that statute to mean that § 768.0755 does not alter the common law duty that premises owners owe to their invitees, which is the duty "to exercise reasonable care to maintain their premises in a safe condition." *Owens v. Publix Supermarkets, Inc.*, 802 So. 2d 315, 320 (Fla. 2001). However, to prevail on a negligence claim, a plaintiff must also show that the defendant's conduct failed to conform with the legal duty. *Williams*, 974 So. 2d at 1056. To interpret the statute in the way Struck suggests would allow for plaintiffs to prove the defendant breached their duty without proving notice, which is at odds with the amendment of Section 768.0755 to include a notice requirement. Therefore, Struck's argument that she can prevail on a negligent mode of operation theory without proving notice is inconsistent with the reading of the current Florida statute for slip-and-fall cases. Accordingly, we reject Struck's argument.

Lastly, Struck argues that the district court erred in ignoring her expert's opinion when ruling on the summary judgment

motion.  Struck contends that her expert's opinion is relevant because it shows that Walmart violated the applicable standards of care requiring a premises owner to maintain its roof and floor in a reasonably safe condition.  However, she does not address whether this expert opinion offers any evidence as to whether Walmart had notice of a dangerous condition, as required by the Florida statute.  Therefore, we cannot conclude that the district court erred in not considering her expert's opinion.

Because there is no genuine issue of material fact as to whether Walmart had actual or constructive notice, the district court properly granted summary judgment in its favor.

**AFFIRMED.**