**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 24-12472

Non-Argument Calendar

————————————

NIDIA SALCEDO VALDERRAMA,

*Plaintiff-Appellant,*

*versus*

COSTCO WHOLESALE CORPORATION,

*Defendant-Appellee.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:23-cv-00153-ACC-EJK

————————————

Before ROSENBAUM, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Nidia Salcedo Valderrama slipped and fell on liquid emerging from a smooshed grape on the floor of a Costco Wholesale Corporation store in Orlando, Florida. Valderrama sued Costco in

Florida state court, alleging that Costco negligently failed to maintain its property in a reasonably safe manner. Costco removed the case to federal court.

The district court granted summary judgment in favor of Costco. It concluded that Valderrama failed to provide sufficient evidence to create a genuine dispute of material fact that Costco had actual or constructive knowledge of the grape before the accident, as Florida law requires. Valderrama now appeals. After careful review, we affirm.

## I.    Background

### A. Factual Background

On November 28, 2021, Valderrama was shopping at a Costco location in Orlando, Florida, when she slipped and fell to the ground. Closed circuit television ("CCTV") footage shows the events leading to her fall.

At approximately 12:05 p.m., Customer 1 approached register nine with a cart of groceries, which included red grapes. At 12:07, a Costco employee began unloading Customer 1's groceries onto the conveyor belt so that the cashier could scan the items. For three minutes, the cashier and the Costco employee worked to scan all the items and place them back in Customer 1's shopping cart.

After Customer 1 completed checkout, Customer 2 approached the register. Costco employees handled the scanning and repacking of the groceries. After finishing checkout and heading

for the exit, Customer 2 abruptly stopped to examine his right foot and the surrounding area by register nine.

Customer 2 checked the floor and then pushed his cart towards the exit. In doing so, Customer 2 appeared to drag an item, presumably a red grape, along the right wheels of his cart, leaving a faint trail line on the dark grey cement floor.

The smooshed grape apparently detached from the wheels of his cart near the end of register six around 12:11 p.m. Register six was located around twenty-five feet from register nine and had a "CLOSED" sign indicating it was not available for checkout.

Back at register nine, a Costco front-end supervisor named Rafael Hernandez walked over to register nine and noticed a substance on the floor towards the end of the register. Hernandez guarded the end of register nine while he waited for another employee to bring him paper towels. He cleaned what appeared to be an isolated spill at register nine and then disposed of the soiled paper towels in a receptable at register seven. He did not appear to see the smooshed grape located near register six.

Less than four minutes later, Valderrama exited the store by walking near the front end of the checkout registers. At 12:15 p.m., she stepped on the loose grape at the end of register six and slipped and fell to the floor. As a result of her fall, Valderrama suffered injuries and was transported to the hospital in an ambulance.

Valderrama's husband accompanied her as she exited the store. Both Valderrama and her husband testified that they did not

see the grape before Valderrama's fall, nor did they know where the grape originated from.

The CCTV video captured dozens of customers and at least one Costco employee walking near the loose grape in the four minutes that it rested on the floor near register six before Valderrama's injury. In the intervening time, no one slipped on or appeared to notice the grape on the floor.

### B.  Procedural Background

Valderrama sued Costco for negligence in state court. Costco removed the case to the United States District Court for the Middle District of Florida based on diversity jurisdiction. After discovery, Costco moved for summary judgment, arguing that Valderrama failed to offer sufficient evidence that Costco had actual or constructive knowledge of the grape, as Florida law requires. The district court granted the motion. It concluded that Valderrama failed to raise a genuine dispute of material fact that Costco had actual or constructive knowledge of the grape, and thus she could not succeed on a negligence claim under Florida law.

### II.    Standard of Review

"We review a district court's grant of summary judgment de novo[.]" *Carlson v. FedEx Ground Package Sys., Inc.*, 787 F.3d 1313, 1317 (11th Cir. 2015). We "view all of the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." *Furcron v. Mail Ctrs. Plus, LLC*, 843 F.3d 1295, 1304 (11th Cir. 2016) (quotation omitted). "Summary judgment is appropriate when 'there is no genuine dispute as to

any material fact' and the moving party is entitled to judgment as a matter of law." *Carlson*, 787 F.3d at 1317 (quoting Fed. R. Civ. P. 56(a)).

This negligence case arose in Florida and arrived in federal court by way of diversity jurisdiction, *see* 28 U.S.C. § 1332(a), so we apply Florida's substantive law, *see Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). "Where the Supreme Court of Florida has not addressed a particular issue, federal courts are then bound by the decisions of the Florida district courts of appeal that address the disputed issue, unless there is an indication that the supreme court would not adhere to the district court's decision." *Geary Distrib. Co. v. All Brand Imps.*, Inc., 931 F.2d 1431, 1434 (11th Cir. 1991) (per curiam).

## III.   Discussion

To prevail on a negligence claim, a plaintiff must prove that (1) the defendant had a legal duty to protect the plaintiff from particular injuries; (2) the defendant breached that duty; (3) the defendant's breach actually and proximately caused the plaintiff's injuries; and (4) the plaintiff suffered actual harm. *Zivojinovich v. Barner*, 525 F.3d 1059, 1067 (11th Cir. 2008). With respect to the duty element, "[a] possessor of premises to which the public is invited has a legal duty to ascertain that the premises are reasonably safe for invitees." *Skipper v. Barnes Supermarket*, 573 So. 2d 411, 413 (Fla. Dist. Ct. App. 1991). This duty to business invitees equates to two legal duties: (1) to use reasonable care to maintain the premises in a safe condition, which includes a duty to use reasonable care to

6                    Opinion of the Court                    24-12472

learn of the existence of any dangerous conditions on the premises, and (2) to give the invitee warning of concealed perils which are or should be known to the landowner, but are unknown to the invitee and could not be discovered by him through the exercise of due care. *Id.*

Under Florida law, a plaintiff bringing a negligence claim based upon a transitory foreign substance on the floor of a business must prove that the business had "actual or constructive knowledge of the dangerous condition and should have taken action to remedy it." Fla. Stat. § 768.0755(1). Valderrama conceded in the district court that "this case does not involve constructive notice." So our analysis focuses on the issue of actual knowledge.

Actual knowledge refers to "direct and clear knowledge, as distinguished from constructive knowledge." *Knowledge*, *Black's Law Dictionary* 12th ed. (2024). Actual knowledge of a dangerous condition exists when a business owner's employees or agents are aware of a hazard or have actual knowledge that their actions have created a hazardous condition. *Whitlow v. Tallahassee Mem'l HealthCare, Inc.*, 421 So. 3d 729, 738 (Fla. Dist. Ct. App. 2023) (explaining that actual knowledge can be proven when caused by an employee because the Florida Supreme Court in *Food Fair Stores, Inc. v. Trusell*, 131 So. 2d 730 (Fla. 1961) "presumed that typically, when an employee drops something that becomes a dangerous hazard, he knows that he dropped it"). But the "create" element

applies only if the employee knows their actions produced a hazardous condition; unobserved or inadvertent acts do not satisfy the standard. *Id.*

On appeal, Valderrama advances two arguments: (1) that a reasonable jury could conclude that a Costco employee caused the grapes to be on the floor, and (2) that a reasonable jury could conclude that Costco knew of the dangerous condition and had sufficient opportunity to correct it. Both arguments fail, as the CCTV footage—which both parties agree constitutes the best evidence of what occurred—belies them.

The district court held that, even if the Costco employee "caused the grape to initially fall to the floor near register nine, that fact is immaterial to the outcome of this case." We agree. We see no evidence in the video or otherwise in the record that the employee was aware the grape had fallen. Nor does Valderrama identify any such evidence. Accordingly, Valderrama cannot establish actual knowledge through the creation of the hazard. Any argument that the employee should have known the grape was on the floor would be a constructive-knowledge claim, which Valderrama expressly conceded in the district court. Thus, the district court correctly concluded that any argument that the employee "caused" the hazard is immaterial to establishing actual knowledge and is therefore improper.

The second argument—that a reasonable jury could conclude that Costco knew of the dangerous condition and had suffi-

cient opportunity to correct it—fares no better. Even when construed in the light most favorable to Valderrama, the evidence shows front-end supervisor Hernandez noticed a small spill and immediately cleaned it up. Valderrama slipped at register six after Customer 2 tracked the smooshed grape there. There is no evidence that Hernandez or anyone else knew of the smooshed grape at register six, so knowledge of the register-nine spill cannot be imputed to the hazard where Valderrama fell. This would require backwards logic.

## IV.    Conclusion

The district court correctly concluded Valderrama did not meet her burden to show that a genuine dispute of material fact exists about whether Costco had actual notice of the hazard at issue. For these reasons, we affirm the district court's judgment.

**AFFIRMED.**